## STATE v. LEONARD GAULKE.

161 N. W. (2d) 662.

September 6, 1968—No. 41,128.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *David J. Byron,* Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

ROGOSHESKE, JUSTICE.

Defendant appeals his conviction of the crime of indecent assault upon his niece, Sharon McNish, an 8-year-old child.

Defendant was initially apprehended and brought to trial on a complaint charging indecent assault upon Patricia Morawiecki, another child who allegedly had been assaulted at the same time as and while in the company of defendant's niece. In that case, after a jury had been impaneled and the prosecutor had completed his opening statement, defendant's motion for dismissal on the ground that the information did not state a public offense was granted. Thereafter, the state filed a second complaint charging indecent assault upon Sharon McNish. An arraignment on that charge was held, and upon defendant's motion, a change of venue from Winona to Wabasha County was ordered. Defendant pled not guilty and was tried and convicted by a jury. He was sentenced to imprisonment for a term not to exceed 5 years.

While defendant was being held upon the charge of indecent assault upon Sharon McNish, his court-appointed attorney petitioned the district court for a writ of habeas corpus. The petition was based upon defendant's

claim that the second prosecution was barred by Minn. St. 609.035. The relief sought was denied.

On appeal from his conviction, defendant raises several claimed errors. Primarily he asserts, as he did at the habeas hearing before the district court, that his conviction violates the provisions of § 609.035 as that statute was interpreted in State v. Johnson, 273 Minn. 394, 141 N. W. (2d) 517.

Minn. St. 609.035 provides:

"* * * [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and *a conviction or acquittal* of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts." (Italics supplied.)

In State v. Johnson, *supra,* we observed that the policy behind the statute was to prohibit double punishment and serialized prosecutions where a single behavioral incident resulted in the commission of more than one offense. However, the statutory language bars successive prosecution of each offense committed during conduct which constitutes a "single behavioral incident" only upon "a conviction or acquittal" of any one of such offenses. A dismissal for failure to charge a public offense does not amount to an acquittal of the charge. See, Minn. St. 630.32; State v. Holton, 88 Minn. 171, 92 N. W. 541. Although the second offense charged in this case might arguably be held to have arisen out of a single behavioral incident, defendant was not acquitted of the initial charge and hence the statute clearly does not bar the second prosecution.

The other errors raised by defendant are equally without merit. The admission into evidence without formal notice to defendant of the indecent assault upon Patricia Morawiecki neither resulted in prejudice nor was improper under the exception set forth in State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167, permitting evidence of an offense which is part of the immediate episode out of which the offense for which the defendant is being tried arose. Similarly, the court's cautionary instructions to the jury admonishing against the influence of such evidence upon the question of defendant's guilt of the crime charged were not, in our

opinion, inadequate as a matter of law. See, State v. Billstrom, 276 Minn. 174, 149 N. W. (2d) 281. Neither were the comments of the prosecutor in his closing statement so prejudicial as to constitute a denial of defendant's right to a fair trial. State v. Haney, 222 Minn. 124, 23 N. W. (2d) 369. The prosecutor had stated at the conclusion of his argument:

"* * * If we do not stop this, if we do not convict this defendant, what happens to children? The decision, my friends, is yours."

It is true that the trial court twice interrupted the prosecutor in the course of his closing argument to warn him to confine his statements to proper argumentation. However, we cannot say that these concluding sentences, while clearly improper, when considered as part of the whole argument and in conjunction with the court's cautionary instructions, were so prejudicial as to warrant granting a new trial. The trial judge, who is in the best position to evaluate the prejudicial nature of final argument, found against defendant's claim, and we are not persuaded to interfere. State v. Johnson, 277 Minn. 230, 152 N. W. (2d) 768.

The record does not show that defendant requested production of any signed statements by the victims, and defendant's claim of a violation of the rule requiring production, adopted in State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. (2d) 56, is groundless.

Finally, defendant's claim that he was improperly and unlawfully incarcerated from the time of his conviction of using obscene language until his preliminary hearing on the indecent assault charge, solely for the purpose of enabling the authorities to investigate and gather evidence supporting the latter charge, is an argumentative assertion unsupported by the record before us. Moreover, no claims were made that during this interval any attempt whatsoever was made to interrogate defendant or that he was without counsel at any critical stage of the proceedings.

Affirmed.