STATE v. DARWIN M. CLOUGH.

185 N. W. (2d) 529.

March 12, 1971—No. 41309.

C. *Paul Jones*, State Public Defender, and *Roberta K. Levy*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *George M. Scott*, County Attorney, and *Henry W. McCarr, Jr.*, and *David G. Roston*, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Rogosheske, and Odden, JJ.

PER CURIAM.

This is an appeal from a conviction for simple robbery. The victim, Herman Roelke, who was 63 years of age at the time of the trial, testified that on August 18, 1967, he and his wife spent the evening in various bars in north Minneapolis. At one of them, Oscar's, he visited with defendant for about 2 hours. They met defendant again at another bar where, after defendant had left, Roelke charged that defendant had stolen his wife's purse. Roelke testified that back at Oscar's, sometime after midnight, while he was leaving the men's room defendant and one other person attacked him, beat him severely, and stole his billfold containing about $40. In the course of the assault, defendant shouted, "There's that son of a bitch that accused me of taking his wife's money."

1. Defendant argues that the evidence is inadequate to prove Roelke's wallet was stolen. He characterizes the identification as "the drunken remembrances of a bar hopper." Roelke, on the other hand, testified he had only 5 or 6 drinks over a 5-hour period, 4 of them before 9 p. m. We think the evidence was sufficient to sustain the conviction.

2. Defendant argues that in violation of a prior agreement between defense counsel and the prosecutor Roelke was permitted to testify to what defendant said as he attacked Roelke. This, it is claimed, was a violation of the so-called Spreigl rule. State v. Spreigl, 272 Minn. 488,

139 N. W. (2d) 167. We do not agree. Clearly, this was a part of the entire episode and as such was admissible under an exception which we noted in the Spreigl decision.

3. Defendant did not take the stand and presented no evidence in his own behalf. Nor did his attorney appear at the lineup. These facts, it is argued, require a finding of inadequate representation. However, the matter of identification was not in serious dispute since there was evidence that Roelke spent at least 2 hours that same evening in the company of defendant. Nothing was presented to the trial court to show there was a defense which could have been interposed on defendant's behalf. We will not review that matter for the first time on appeal. Accordingly, the conviction is affirmed.

Affirmed.