STATE v. KIRK MARTIN.

199 N. W. 2d 419.

July 14, 1972—No. 42864.

*C. Paul Jones,* State Public Defender, and *Steven Z. Lange* and *Emanuel Z. Kopstein,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *Carl E. Erickson,* County Attorney, and *Frederick J. Casey,* Assistant County Attorney, for respondent.

Considered by Knutson, C. J., and Otis, Todd, and MacLaughlin, JJ.

PER CURIAM.

Defendant, Kirk Martin, charged by information with aggravated assault inflicting great bodily harm (Minn. St. 609.225, subd. 1) and convicted by a jury of the lesser-included offense of aggravated assault without inflicting great bodily harm (§ 609.225, subd. 2), appeals from the judgment of conviction, contending among other things that the evidence was insufficient as a matter of law to support the verdict.

After a careful review of the record, we conclude that the evidence, viewed most favorably to support a verdict of guilt, was sufficient to permit the jury to convict. Defendant observed his ex-wife with the victim, followed them to a motel, listened at the door to their room for a moment, returned to his car to get his loaded handgun, and then burst into the room. He flicked on the light, found them in bed together, and, pointing the gun at the victim, ordered him to "get away from my wife." After defendant threatened to shoot the victim, a struggle ensued during which defendant fired the gun and the victim was wounded. From this the jury could reasonably find that defendant intentionally assaulted the victim with a dangerous weapon and that he, therefore, committed the crime of aggravated assault.

Defendant also contends that the trial court violated the so-called "Spreigl rule" (see, State v. Spreigl, 272 Minn. 488, 139 N. W. 2d 167 [1965]) when it admitted evidence that after the incident at the motel defendant forced his ex-wife to leave the motel with him and, in the process, slapped her in the face. However, this evidence concerned an offense which was part of the immediate episode for which defendant was being tried and therefore came within an exception to the Spreigl rule. See, in addition to State v. Spreigl, *supra,* State v. Clough, 289 Minn. 527, 185 N. W. 2d 529 (1971); State v. Gaulke, 281 Minn. 327, 161 N. W. 2d 662 (1968).

Finally, defendant contends that the trial court committed reversible error in its instruction concerning intoxication. Defense counsel not only did not object to the instruction but consented to it, and therefore

we decline to consider this issue, which defendant now raises on appeal for the first time.

Affirmed.