**STATE of Minnesota, Respondent,**

v.

**Curt Richard SIMON, Appellant.**

**No. 48359.**

Supreme Court of Minnesota.

Jan. 19, 1979.

C. Paul Jones, Public Defender, Kathy A. King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., St. Paul, Helen Hill Blanz, County Atty., Grand Rapids, for respondent.

**52**

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of unlawful possession of LSD and was sentenced by the trial court to a maximum 3-year prison term. Defendant, who is now on parole, contends on this appeal from judgment of conviction that the evidence showing that he constructively possessed the drug was legally insufficient and that a number of other matters combined to deprive him of a fair trial. We affirm.

■ The state's evidence showed that the LSD, along with other items, including a syringe, a passport, and a balance scale, was found in defendant's bedroom during the execution of a warrant to search the mobile home which defendant jointly leased and occupied with a friend. This evidence clearly was sufficient to prove constructive possession. See, *State v. Florine*, 303 Minn. 103, 226 N.W.2d 609 (1975). While the jury could have accepted the explanation offered by the defense that defendant's cotenant put the LSD in defendant's bedroom without his knowledge or permission, the jury was not bound to do so.

■ Defendant's second contention is that he was prejudiced by a statement the trial court made to the jury at the start of trial explaining why an assistant prosecutor was being substituted for the county attorney, who remembered after the jury was sworn that she had participated in the raid on defendant's residence. This contention is meritless since defendant apparently agreed that the court should explain the reason for the substitution to the jury and since defense counsel specifically refused the trial court's offer of a mistrial.

■ Defendant's third contention is that the prosecutor violated a court order in introducing during its case in chief the balance scale found in defendant's bedroom. It is true that at one point the court indicated that the scale could be admitted only after the defense introduced its evidence that the LSD belonged to the cotenant. However, the court later indicated otherwise, and when the prosecutor introduced the scale during its case in chief defense counsel specifically stated that he did not object and the court admitted it. Further, we fail to see the prejudice since the evidence would have been admitted anyway after defendant introduced the exculpatory evidence. As to the general admissibility of narcotic paraphernalia in constructive possession cases, see *State v. Love*, 301 Minn. 484, 221 N.W.2d 131 (1974), and other cases cited at 28 C.J.S.Supp. Drugs and Narcotics § 196.

■ Defendant's final contention is that his prosecution and/or punishment on the LSD charge was barred by the fact that the state had earlier tried to prosecute him for another possessory offense, possession of amphetamines, arising from the same conduct but had dismissed this prosecution when it learned that the suspected amphetamines really were caffeine pills. The double jeopardy claim has no application whatever since jeopardy never attached in the earlier prosecution. Minn.St. 609.035, the so-called single-behavioral-incident statute, has no application because under the statute only a prior "conviction or acquittal" and not a pretrial dismissal is a bar to prosecution for other offenses arising from the same conduct. *State v. Gaulke*, 281 Minn. 327, 161 N.W.2d 662 (1968).

Affirmed.