**Dennis Wayne MERCER, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. 50259.

Supreme Court of Minnesota.

March 21, 1980.

Benjamin S. Houge, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, David W. Larson, Asst. County Atty., Thomas A. Weist, Law Clerk, Minneapolis, for respondent. .

PETERSON, Justice.

This is an appeal by petitioner from an order of the district court denying a petition for postconviction relief from a 1978 judgment of conviction based upon negotiated pleas of guilty to charges of unlawful possession of methamphetamine and unlawful possession of a handgun. The district

court sentenced petitioner to concurrent terms of 3 years for the drug charge and 1 year for the gun charge, but stayed execution and placed petitioner on probation, with the first 6 months of probation to be served in the workhouse. Petitioner's main contention on appeal is that he should be permitted to withdraw his pleas on the ground that his attorney, who also represented the two codefendants, had a conflict of interest which prevented him from effectively representing petitioner. Alternatively, petitioner seeks vacation of the sentence for the gun conviction—i. e., the more serious of the two offenses—on the ground that under Minn.Stat. § 609.035 (1976) he could be sentenced for only one of the two offenses, since they arose from the same behavioral incident. We affirm.

1. Petitioner's first contention is that he should be permitted to withdraw his guilty pleas on the ground that his attorney had a conflict of interest which prevented him from effectively representing petitioner.

■ In *State v. Olsen*, 258 N.W.2d 898 (Minn.1977), noted at 5 Wm. Mitchell L.Rev. 251 (1979), this court adopted the so-called affirmative-inquiry approach to the troublesome problem of joint representation of criminal defendants.[1] Under the affirmative-inquiry approach the trial court must question each jointly-represented defendant separately and on the record and advise him of and discuss with him the risks of joint representation. Under this approach if the trial court meets this obligation and the defendant insists upon proceeding with the same counsel who is representing a codefendant, then in the event of an appeal the defendant bears the burden of demonstrating that an improper prejudicial conflict of interest existed. On the other hand, if the trial court fails to advise the defendant concerning the risks, then the government bears the burden on appeal of demonstrating that no improper prejudicial conflict of interest existed.

*State v. Ray*, 273 N.W.2d 652 (Minn.1978), a case discussed by the parties, was an appeal from a judgment of conviction after a jury trial which was held before the decision in the *Olsen* case. The issue there was whether that defendant's attorney—who also had represented a potential codefendant, Swort, who never was prosecuted—had a conflict of interest which had prevented him from advising defendant to accept an offer by the prosecutor that defendant plead guilty and receive lenient treatment in exchange for defendant's turning state's evidence. We affirmed but left open the possibility that the defendant could obtain postconviction relief if he could establish that he could have and would have been able to take advantage of the prosecutor's offer.

■ The instant case arose after the opinion in the *Olsen* case was released, and therefore the trial court should have advised the defendant of and discussed with him, on the record, the risks of being represented by the same counsel that his codefendants had. The focus of our inquiry, therefore, must shift to the matter of whether there actually was an improper prejudicial conflict of interest which would entitle petitioner to relief. Since this case, unlike *Ray*, arose after the decision in *Olsen*, the burden of proof must be placed on the state—in other words, the state has the burden of showing that petitioner is not entitled to any relief. The postconviction court apparently erroneously felt otherwise. However, our opinion is that even if the court had properly placed the burden on the state the court would have had to deny postconviction relief.

The gist of the petitioner's argument on appeal is that if the attorney had not been

---

1. The United States Supreme Court recently dealt with the problem in a more limited way in *Holloway v. Arkansas*, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978) (holding specifically that whenever a trial court improperly requires joint representation over a timely objection by defense counsel that joint representa-tion carries with it a risk of conflict of interest, reversal is automatic). For a discussion of the limited nature of the holding in *Holloway* and the difficulty of knowing what the implications of the holding are, see P. Tague, *Multiple Representation and Conflicts of Interest in Criminal Cases*, 67 Geo.L.J. 1075 (1979).

representing the codefendants he could have pointed out to the prosecutor that the drugs were not found in petitioner's actual possession and could have pointed out other extenuating facts which might have caused the prosecutor not to charge petitioner with drug possession *or* he could have urged petitioner to turn state's evidence in exchange for a dismissal of the drug charge. The record, however, establishes that (a) the state had strong evidence (including a confession by petitioner) of petitioner's guilt and therefore presumably would have charged petitioner with the more serious drug possession charge regardless of whether petitioner had turned state's evidence, (b) the state really had no need for petitioner's testimony against the codefendants because the evidence of their guilt was very strong, and (c) in any event, the state could not have obtained petitioner's testimony against the codefendants because petitioner admitted at the postconviction hearing that "I would not turn evidence against nobody."

In summary, the record strongly supports the conclusion that even if petitioner's counsel had not been representing the codefendants, petitioner still would not have gotten any more lenient treatment than the lenient treatment he did receive. It is also significant that the record shows that petitioner's attorney warned petitioner of the potential of a conflict but that petitioner was not concerned about this and that, indeed, petitioner had suggested the joint representation. Under all the circumstances, the record would not justify granting petitioner the relief he seeks.

2. Petitioner's second contention is that the sentence for the drug conviction must be vacated on the ground that the drug offense arose from the same behavioral incident as the gun offense.

Minn.Stat. § 609.035 (1976) provides as follows:

> Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of

any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

In determining whether a defendant may be prosecuted and punished for multiple offenses arising from a single behavioral incident, this court must ascertain whether the underlying conduct was unitary or divisible. The test used when intent is the element of the offenses is whether the underlying conduct was motivated by a desire on the defendant's part to obtain a single criminal objective or by two or more criminal objectives. *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966). In this case, we hold that the two crimes were independent of each other, even though their commission was discovered by the police at the same time. We base this holding on the fact that nothing in the record reveals that either crime was in furtherance of the other or that defendant had a single criminal objective. Cases in support of our holding include *State v. Wybierala*, 305 Minn. 455, 235 N.W.2d 197 (1975) (holding that a defendant may be convicted of theft twice on the basis of intentional possession at one time of stolen property if the property forming the basis of the one conviction was stolen at different times and places from different owners than the property forming the basis of the second conviction); *People v. Winchell*, 248 Cal.App.2d 580, 56 Cal.Rptr. 782 (1967) (upholding multiple punishment of a defendant for offenses of unlawful possession of burglar's tools and unlawful possession of a firearm even though both offenses arose from the same occurrence); and *People v. Robertson*, 67 Mich.App. 603, 242 N.W.2d 24 (1976) (upholding multiple punishment of a defendant for the offenses of possession of marijuana and possession of a stolen gun where there was no unified purpose in relationship between the two offenses, only mere temporal happenstance).

Affirmed.