**STATE of Minnesota, Respondent,**

v.

**Jerome Scott ZUEHLKE, Appellant.**

**No. 81–726.**

Supreme Court of Minnesota.

June 4, 1982.

C. Paul Jones, Public Defender, and Mollie G. Raskind, Deputy Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, Arvid Wendland, County Atty., Blue Earth, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of a gross misdemeanor charge of furnishing liquor to a person under age 19, Minn.Stat. § 340.73 (1980), and was sentenced by the trial court to a suspended term of one year in jail, with probation conditioned in part on defendant spending six months in jail under the Huber work-release law. The trial court stayed the probationary jail time pending this appeal. The appeal raises two issues: (1) whether the police violated defendant's Fourth Amendment rights in stopping the vehicle in which he was a passenger and arresting him; and (2) whether the prosecution was barred by Minn.Stat. § 609.035 (1980), which prohibits serialized prosecution (and multiple punishment) of a defendant for two or more offenses resulting from a unitary course of criminal conduct. We agree with defendant that his prosecution was barred by section 609.035. We therefore vacate the conviction.

On the evening of November 25, 1980, the police chief in Delavan stopped an out-of-town vehicle shortly after he received two complaints about the vehicle. One complaint was from the high school principal, who flagged him down and told him that the car in question had followed the bus containing the girls basketball team as the bus returned from a game in Mapleton. The other complaint was from a Delavan resident who called to report that while driving home he (she) had been harassed by this car.

The stopped vehicle was driven by an 18-year-old boy and contained three passengers, one 16-year-old boy, another 18-year-old boy, and defendant, who was 22. After seeing a case of beer in open view and liquid running out from under the front part of the driver's seat, the chief reached under the seat and found an open bottle of strong beer. He then ordered the four occupants out and required them to identify themselves. After putting them in the squad car, he searched the passenger compartment and found two more open bottles containing beer, both under the seat which defendant had occupied, and another case of beer. One of the cases contained 23 unopened bottles and the other contained 22 empties.

At City Hall the chief questioned the four and learned from defendant that the beer was his. The chief gave defendant a citation for the open bottle offense, which is a misdemeanor, and advised him that when

he appeared in county court on December 5 there would be another charge.

On December 1 a complaint was filed charging defendant with the gross misdemeanor offense of furnishing intoxicating liquors to a person under age 19.

On December 5 defendant appeared, without counsel, in county court and pled guilty to violating the open-bottle law. For this he was sentenced to ten days in jail or a $50 fine.

Defendant first appeared in district court on the furnishing charge on December 8. At the omnibus hearing held on December 22 his attorney argued, first, that the prosecution was barred by Minn.Stat. § 609.035 and, second, that the evidence should be suppressed because the state had not established that the chief had had reasonable articulable suspicion of criminal conduct when he stopped the car.

The trial court rejected both arguments.

Thereafter defendant's trial was held and defendant was convicted of the furnishing charge.

Although it is not essential to our holding, we agree with the trial court that the stop was legal. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Marben v. State, Department of Public Safety*, 294 N.W.2d 697 (Minn.1980). It is also clear that the chief of police had probable cause to arrest defendant for the open bottle violation. *State v. Slifka*, 256 N.W.2d 90 (Minn.1977).

The more difficult issue is whether the prosecution was barred by Minn.Stat. § 609.035, which provides:

> * * * [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

■ Under this statute if two offenses, one misdemeanor and one gross misdemeanor or felony, are committed in a unitary course of criminal conduct, then the state should join the misdemeanor prosecution and the gross misdemeanor or felony prosecution in a single prosecution in district court. *State v. Reiland*, 274 Minn. 121, 142 N.W.2d 635 (1966). In such a situation if the defendant pleads guilty to the misdemeanor charge, it is he who has fragmented the prosecution and he therefore cannot complain that he is being serially prosecuted if the state continues with the prosecution of the remaining charge. *City of Moorhead v. Miller*, 295 N.W.2d 548 (Minn. 1980).

Here the state, for reasons that are not clear, did not join the two offenses as it should have. In this situation, if the course of conduct underlying the offenses is deemed to be unitary and not divisible, then the defendant's conviction of one of the offenses will ordinarily operate as a bar to continuing the prosecution of the other offense, unless for some reason the prosecutor was unaware of the dual charges. *See State v. Krech*, 312 Minn. 461, 252 N.W.2d 269, 274 (1977). *See also,. State v. Sailor*, 257 N.W.2d 349, 351–52 (Minn.1977).

The state in this case does not claim that defense counsel failed to adequately raise the issue in a timely fashion—see *State v. White*, 300 Minn. 99, 219 N.W.2d 89 (1974)— or that the prosecutor was unaware of the dual charges. It simply claims that the result in *State v. Krech*, 312 Minn. 461, 252 N.W.2d 269 (1977), is not applicable because the two offenses in this case were not committed in a unitary course of criminal conduct.

■ The approach which we have followed under section 609.035 in determining whether nonintentional crimes or a mixture of nonintentional and intentional crimes were part of the same course of conduct is to analyze the facts and determine whether the offenses "[Arose] out of a continuing and uninterrupted course of conduct, manifesting an indivisible state of mind or coincident errors of judgment." *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977); *State v. Johnson*, 273 Minn. 394, 405, 141 N.W.2d

517, 525 (1966). The approach used in determining whether two or more intentional crimes were part of the same course of conduct is to focus on the factors of time and place and also to consider whether the segment of conduct involved was motivated by an effort to obtain a single criminal objective. *Id.* at 404, 141 N.W.2d at 525.

Relevant cases deciding whether or not two or more convictions were committed during a unitary course of criminal conduct include *State v. Boley*, 299 N.W.2d 924 (Minn.1980); *State v. Scott*, 298 N.W.2d 67 (Minn.1980); *City of Moorhead v. Miller*, 295 N.W.2d 548 (Minn.1980); *State v. White*, 292 N.W.2d 16 (Minn.1980); *In the Matter of the Welfare of Castillo*, 293 N.W.2d 839 (Minn.1980); and *Mercer v. State*, 290 N.W.2d 623 (Minn.1980).

■ That there is a factual nature to the determination by the trial court—something which we explicitly recognized in *State v. Kemp*, 305 N.W.2d 322, 326 (Minn. 1981)—is illustrated by considering the case of *State v. Finn*, 295 Minn. 520, 203 N.W.2d 114 (1972), where we held that the offense of driving recklessly was part of the same behavioral incident as the offense of using a vehicle without authorization where both violations occurred during a continuous and uninterrupted course of driving and the defendant drove recklessly in order to avoid police apprehension on the other charge. If the facts had been a little different and Finn's reckless driving had not been for the purpose of avoiding apprehension on the charge of unauthorized use, the result might have been different. In this case the fact that there was a unity of time and place—that when the vehicle was stopped defendant was committing both offenses at the same time and in the same place—is a strong factor in support of the conclusion that the offenses were part of a single behavioral incident. Nonetheless, if the state could have established that defendant bought the beer partly for consumption outside the car and that some of it was consumed outside the car, then we might be inclined to conclude that the offenses were not part of a unitary course of conduct. As

the record is, however, we must assume that the defendant obtained the liquor with the intent that he and the others would drink it while driving around and that the act of furnishing the liquor occurred in the car. Stated differently, we believe that the state failed to meet its burden of establishing that the offenses were not part of a single behavioral incident.

In conclusion, under the circumstances of this case, the conviction of the open bottle offense barred the later prosecution of defendant on the furnishing charge and therefore his conviction for that offense must be vacated.

Conviction vacated.