STATE of Minnesota, Respondent,

v.

Debra ZIMMERMAN, Appellant.

No. C4-84-9.

Court of Appeals of Minnesota.

July 3, 1984.

Hubert H. Humphrey, III, Atty. Gen., Jerry Anderson, Sp. Asst. Atty. Gen., St. Paul, R. Scott Hill, Rice County Atty., Faribault, for respondent.

C. Paul Jones, State Public Defender, Michael F. Crommet, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and CRIPPEN JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Defendant appeals a conviction for possession of cocaine, Minn.Stat. § 152.09(1)(2) (1982), a felony offense under § 152.15(2) (1982). She claims the charge was illegal since she was charged and convicted earlier for another offense occurring at the same time, possession of marijuana, also a violation of § 152.09(1)(2), and a misdemeanor due to occurrence in a motor vehicle. Minn.Stat. § 152.15(2)(5) (1982). Conviction for one offense is a "bar to prosecution" for others that are part of the same "conduct." Minn.Stat. § 609.035 (Supp.1983).

The state claims the two offenses involve different conduct, even though they occurred at the same time and place.

We reverse and vacate the felony conviction.

## FACTS

Debra Zimmerman's parked car and her purse were searched by a police officer after she and a companion in the car were approached on suspicion they were using marijuana. The officer seized an open can of beer, a marijuana cigarette butt, two bags of marijuana, a vial and spoon, and a small plastic bag containing cocaine powder wrapped in paper. The cocaine was discovered by the officer during his later inspection of seized items.

At the scene of the search on May 27, 1982, the officer issued citations charging Zimmerman with keeping an open-bottle and possessing marijuana in a motor vehicle. Eighteen days later, on June 14, 1982, Zimmerman appeared in court, pled guilty to the misdemeanor charges, and was sentenced to pay $110.00 on each charge and to attend a drug education clinic.

On May 28, 1982, the day after the seizure, the investigating officer took his police report to the prosecutor. The report included reference to seizure of cocaine. A felony complaint on that subject was filed 83 days later, on August 19, 1982. In October Zimmerman moved for dismissal of the cocaine charge as a serialized prosecution barred by Minn.Stat. § 609.035 (Supp.1983). The district court denied the motion and Zimmerman was subsequently convicted on stipulated facts.

## ISSUES

1. Is unlawful possession of two controlled substances at the same time and place a unitary course of conduct for purposes of the bar to serialized prosecution in Minn.Stat. § 609.035 (Supp.1983)?

2. Is prosecution on a felony charge barred when defendant has been previously convicted for a misdemeanor offense occur-

ring in the same conduct that was first charged in a police citation?

## ANALYSIS

Minn.Stat. § 609.035 (Supp.1983) bars double punishment or serialized prosecution for offenses making up a unitary course of conduct. The statute provides:

> ... [I]f a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and conviction or acquittal is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

### 1.

■ The critical issue here is the question whether multiple drug possession offenses make up a single behavioral incident when they occur at the same time and place. The issue has not been addressed in prior Minnesota appellate cases.

The Minnesota statute broadens double jeopardy law that bars multiple prosecutions or double punishment based on the elements of charges rather than the course of unlawful conduct. *State v. Johnson,* 273 Minn. 394, 141 N.W.2d 517 (1966). The Minnesota Supreme Court has stated the standard to determine whether multiple intentional offenses are included in one criminal incident:

> The approach used in determining whether two or more intentional crimes were part of the same course of conduct is to focus on the factors of time and place and also to consider whether the conduct involved was motivated by an effort to obtain a single criminal objective.

*State v. Zuehlke,* 320 N.W.2d 79, 82 (Minn. 1982). The Supreme Court added that unity of time and place is "strong factor" to show a single criminal incident and that facts in the case may determine whether conduct involves more than one objective. *Id.* at p. 82.

Here the possession offenses occurred at the same time and place. The charges stated no intent for sale of either substance and there was no evidence to show any objective of defendant other than personal use of mind-altering drugs. The trial court in its omnibus hearing order erroneously relies on the absence of evidence for defendant to show a single objective for personal use of the drugs. The state has the burden of proof on facts to show multiple objectives. *State v. Zuehlke, Id.* at page 82.

Because the offenses here involve a common time, place, and objective, we conclude that they are part of a unitary course of conduct.

The state contends a contrary result is suggested by the decision in *Mercer v. State,* 290 N.W.2d 623 (Minn.1980). Sentencing was permitted there for two possession offenses, a drug violation and a hand gun offense. The Supreme Court found nothing to indicate a common criminal objective in these two offenses and the case contrasts sharply with the situation here. Likewise, the decision in *State v. Wybierala,* 305 Minn. 455, 235 N.W.2d 197 (1975) is distinguishable. There two charges for possessing stolen property were traced to separate·incidents based on different events of theft and different theft victims. Here the study of a criminal objective does not involve victims and evidence does not show a relationship of offenses to prior separate criminal conduct.

The trial court cited and we have reviewed California appellate decisions that possession of two types of drugs constitutes two separate offenses for sentencing purposes. See *People v. Lockwood,* 253 Cal.App.2d 75, 61 Cal.Rptr. 131, (1967). Minn.Stat. § 609.035 (Supp.1983) was enacted in 1963 with a general view to adopt similar law in California and New York. Advisory Committee Comment, 40 M.S.A. 58.

The California view on this issue reflects regard for the elements of the offense, rather than the behavioral incident. That approach is contradicted by the carefully stated view of the Minnesota Supreme Court in *State v. Johnson, Id.*

In contrast to other California decisions, we find no basis to distinguish between the criminal objective in possessing two substances and the objective in possessing two packages of the same substance.

We find persuasive by comparison the decision in *State v. Carlson*, 291 Minn. 368, 192 N.W.2d 421 (1971), where sentencing was permitted on only one of twenty-nine convictions for possession of obscene materials at a single time and place. Analysis of the offenses here is also influenced by the decision in *State v. Zuehlke, Id.*, where it was held that an open-bottle offense occurred in the same course of conduct as furnishing of liquor to minors who occupied the car. The Supreme Court opinion emphasizes the absence of proof that use of liquor was likely to occur at some place other than the place of the open-bottle offense.

2.

In *State v. Sailor*, 257 N.W.2d 349, 352 (Minn.1977), the Minnesota Supreme Court said:

> ... [O]nce the defendant's plea is accepted and recorded, then defendant has been prosecuted for purposes of § 609.-035 and any further prosecutions for offenses arising from the same behavioral incident are barred unless there has been a waiver by defendant of the protection against multiple prosecutions.

The bar to serialized prosecution was first upheld in Minnesota where a prosecutor chose to initiate misdemeanor charges in one court and more serious charges in another, and where further prosecution was barred by misdemeanor convictions based on the defendant's plea of guilty. *State v. Krech*, 312 Minn. 461, 252 N.W.2d 269, 274 (1977). The court said:

> If the prosecution has a problem in this case, it was of its own making. We made it clear in *State v. Reiland*, 274 Minn. 121, 127, 142 N.W.2d 635, 639 (1966), that if the state wishes to charge a defendant with more than one offense—one or more a misdemeanor and one or more a felony—it should be done

in one prosecution in district court stating each offense as a separate count....
*Id.* 252 N.W.2d at 274.

In *Sailor* the same result occurred where different prosecuting authorities proceeded in separate courts. In *State v. Zuehlke, Id.*, a case which controls here, the court vacated a gross misdemeanor conviction arising from the same incident as a misdemeanor offense cited by an officer in a traffic ticket. The defendant in the *Zuehlke* case was convicted for the misdemeanor offense on his plea of guilty submitted without counsel at his first scheduled court appearance. Serialized prosecution was banned even though the defendant was told before pleading to the misdemeanor that another complaint would be filed.

■ The bar for serialized prosecution may not be applied if the prosecutor proceeds without knowing misdemeanor charges are already pending. See *State v. Zuehlke, Id.* at 81. Here the arresting officer reported all the charges to the prosecutor on the day following the search of defendant's property.

■ When a defendant requests the opportunity to plead guilty to the least serious of two charges pending in the same court, his conduct constitutes a waiver of the statutory bar on serialized prosecutions. *State v. Johnson, Id.* Likewise, the defendant cannot hide from a court what he knows about other pending charges. *State v. Krech, Id.* The defendant's early pleas here were on the only charges pending. She did not choose the timing of complaints and participated in no deceit when convicted on misdemeanor charges.

**DECISION**

Defendant's conviction for possession of marijuana precluded later prosecution on a charge of possessing cocaine.

We reverse and vacate the October 1983 conviction.