**CITY OF MINNEAPOLIS, Respondent,**

v.

**Joan A. LARSEN, Appellant.**

**No. C8–84–322.**

Court of Appeals of Minnesota.

Sept. 4, 1984.

Robert J. Alfton, Minneapolis City Atty., Mark Flahavan, Asst. City Atty., Minneapolis, for respondent.

Phillip S. Resnick, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Joan Larsen challenges her conviction for disorderly conduct and the trial court's order denying her motion for acquittal or a new trial. Appellant was convicted under Minneapolis Ordinance § 385.90, following an argument and scuffle with a police officer over a traffic offense. On appeal she claims the trial court erred in allowing her to be cross-examined on whether she committed the traffic offense, and contends the trial court's instructions were improper. She also claims the trial court improperly answered two jury questions and contends the evidence was insufficient to convict her of the offense. We affirm.

### FACTS

On December 6, 1982 appellant was driving home from work and failed to make a complete stop at a stop sign. Minneapolis police officer Thomas Homa observed this and stopped appellant. After taking appellant's driver's license, he instructed appellant to move her car from the road, so appellant drove her car into an adjacent parking lot, which happened to be the lot for appellant's apartment building in which she lived. Appellant walked over to Officer Homa and opened the door of his squad car.

At this point, the testimony between appellant and the officer conflicts. Officer Homa testified that appellant asked Homa what he was doing and he told her he was issuing a traffic citation. After appellant said she had stopped for the sign, she backed away and starting walking away. Homa testified that it did not register with him that appellant was walking to her apartment because he failed to notice that the address on the driver's license happened to be the place where they were stopped. Homa then got out of his squad car and grabbed appellant, twisting her left arm behind her, Homa testified that appellant was struggling, kicking and screaming that he couldn't do this to her.

In contrast, appellant testified that Homa asked her why she opened the door and appellant responded "why not, I opened mine for you." Homa then called her a smart-ass and threatened to put

handcuffs on and bring her downtown. Appellant testified that Homa then grabbed her arm as she screamed "You're hurting me."

The parties agreed that eventually Homa called for assistance and a back-up officer came and handcuffed appellant and placed her in the squad car. The evidence indicates that a number of people had arrived and witnessed the encounter between the officers and appellant. Appellant testified that Officer Homa broke her arm while he was attempting to subdue her.

Appellant was convicted by a jury of disorderly conduct. Her motion for acquittal or a new trial was denied and she was fined $100.

## ISSUES

1. Did the trial court err in ruling that because it was part of the entire episode, appellant could be asked whether she stopped for the stop sign?

2. Did the trial court err in failing to instruct the jury that appellant's arrest was illegal?

3. Did the trial court improperly answer two jury questions?

4. Was the evidence sufficient to convict appellant of disorderly conduct?

## ANALYSIS

Appellant was convicted for violating Minneapolis Ordinance § 385.90, which reads as follows:

No person, in any public or private place, shall engage in, or prepare, attempt, offer or threaten to engage in, or assist or conspire with another to engage in, or congregate because of, any riot, fight, brawl, tumultuous conduct, act of violence, or any other conduct which disturbs the peace and quiet of another save for participating in a recognized athletic contest.

This ordinance is similar to the disorderly conduct statute in Minn.Stat. § 609.72 (1982).

## I.

■ The appellant contends the trial court erred in ruling that the appellant could be cross-examined about whether she stopped for the stop sign. This was clearly part of and relevant to the entire episode out of which the disorderly conduct charge arose. *State v. Clough,* 289 Minn. 527, 185 N.W.2d 529 (1971); *State v. Gaulke,* 281 Minn. 327, 161 N.W.2d 662 (1968).

## II.

■ Appellant argues the trial court erred in failing to instruct the jury that the arrest of the appellant was illegal. This contention is without merit since the police officer here acted within his authority in detaining the appellant so that he could give her the traffic citation. Minn.R. Crim.P. 6.01, subd. 1(1)(a) and subd. 3. *See, State v. Brown,* 345 N.W.2d 233 (Minn.1984); *State v. Martin,* 253 N.W.2d 404 (Minn.1977).

The trial court instructed the jury that "merely disputing the arrest by a police officer in this case does not constitute disorderly conduct." From our review of the record and the briefs, appellant is not claiming the right of self defense. Minn. Stat. § 609.06 (1982). As such, the instructions which were given were proper.

## III.

■ Appellant's claim that the trial court erred in rereading its instructions to two jury questions is also without merit. The jury forwarded the following questions after deliberations had begun:

CLARIFICATION OF DISORDERLY CONDUCT CHARGE

Does disturbing the peace of a police officer constitute disorderly conduct?

Would talking back to a police officer in a loud voice or walking away constitute disorderly conduct?

Defense counsel repeated the request that the trial court give instructions that the arrest was illegal and that the court give negative answers to the above questions. We believe the trial court handled

the jury request properly by rereading its original instructions, and adding that a police officer may be the victim. *State v. White*, 292 N.W.2d 16 (Minn.1980); *City of St. Paul v. Morris*, 258 Minn. 467, 104 N.W.2d 902 (1960).

## IV.

Appellant's contention that the evidence was insufficient to convict her of disorderly conduct is simply not supported by the record. The jury is in the best position to evaluate conflicting testimony, *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980); it could reasonably conclude appellant was guilty of more than merely arguing with a police officer and that her actions and words constituted disorderly conduct. The police officer is not entirely free of criticism in this whole matter, but the ultimate decision was for the jury.

## DECISION

Appellant was properly cross-examined regarding her failure to stop. The trial court properly refused to instruct the jury that appellant's arrest was illegal, and properly responded to two questions from the jury after deliberations had begun. Finally, the evidence was sufficient to convict appellant of disorderly conduct.

Affirmed.