STATE of Minnesota, Respondent,

v.

Hugo MARTINEZ, Appellant.

No. C6–94–1485.

Court of Appeals of Minnesota.

May 2, 1995.

Review Denied June 14, 1995.

Hubert H. Humphrey, III, Atty. Gen., Carolyn Ham, Asst. Atty. Gen., St. Paul,

James R. Olson, Brown County Atty., New Ulm, for respondent.

John M. Stuart, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and RANDALL and MANSUR,* JJ.

## OPINION

DAVIES, Judge.

Appellant challenges conviction for fifth degree controlled substance offense,· arguing that the prosecution was barred by Minnesota law prohibiting serialized prosecution. We affirm.

## FACTS

On May 7, 1993, appellant Hugo Martinez was driving a car borrowed from Saul Ibarra when a police officer stopped him in the city of St. James in Watonwan County. The officer approached the car and recognized the front-seat passenger as Norberto Salinas. The officer attempted to arrest Salinas, who had four outstanding arrest warrants, but he fled the scene. Appellant remained in the car during the 30– to 40–minute chase of Salinas that followed.

Upon returning to the scene, the officer asked appellant to produce proof of insurance and his driver's license. When appellant failed to do so, he was arrested. Police then searched the car and found approximately three pounds of marijuana wrapped in a sweater in the trunk.

While in Brown County jail, Salinas told police about a cache of marijuana belonging to appellant and located in a storage unit at the Sunrise Apartments in Sleepy Eye in Brown County. An officer visited the Sunrise Apartments and spoke with Ibarra, who owned the storage unit. Ibarra permitted the officer to search the unit; the officer found a few stems of marijuana. Upon further questioning, Ibarra told the officer that he had moved a suitcase containing the rest of the marijuana to a different storage unit.

Ibarra then showed the officer another unit from which approximately 11 pounds of marijuana were recovered.

Appellant was charged with illegal possession of marijuana in both Watonwan County (where the car was stopped and he was arrested) and Brown County (where the Sunrise Apartments are located). A jury was sworn in Watonwan County for a trial on the charges relating to the incident in that county, but the prosecutor then agreed to continue the matter for three years.

Appellant was subsequently tried in Brown County on a charge related to the marijuana found at the Sunrise Apartments. At trial, Ibarra testified that appellant had asked him if he could store the marijuana in Ibarra's storage unit and that appellant had placed a brown suitcase in the unit a few days before May 7. Ibarra testified that he moved the suitcase from his storage unit to a neighbor's storage unit when he learned that appellant had been arrested and marijuana had been found in the car.

Salinas testified that appellant had driven to the Sunrise Apartments the morning of May 7, entered the building, and returned to the car carrying a sweater wrapped around the bags of marijuana. Salinas also testified that appellant had placed the sweater and marijuana in the trunk of the car and that the two had then left for Iowa, a trip interrupted by the arrest in Watonwan County.

This appeal follows appellant's conviction in Brown County on one count of possession of a controlled substance in violation of Minn. Stat. § 152.025, subd. 2 (1992).

## ISSUE

Did the trial court err in failing to dismiss the criminal charge under Minn.Stat. § 609.035, which bars serialized prosecution?

## ANALYSIS

■ Appellant contends that his conviction must be reversed under Minn.Stat. § 609.035 (1992), which provides:

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a *conviction or acquittal* of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

(Emphasis added.) Section 609.035 shields a defendant "from harassment by repeated prosecution for the same conduct." *State v. Prudhomme*, 303 Minn. 376, 378, 228 N.W.2d 243, 245 (1975). Appellant contends that his conviction is in violation of this protection against serialized prosecution.

The state argues that section 609.035 does not apply because (1) there is no prior conviction or acquittal in Watonwan County that would bar this case in Brown County, and (2) even if there were a prior conviction or acquittal in Watonwan County, it relates to a separate offense from the one in Brown County. We agree with the state on both points.

Although appellant was charged in Watonwan County with possession of an illegal substance, the prosecution did not result in a conviction or acquittal; the matter was continued while appellant entered a diversion program. Hence, section 609.035 does not apply. *See State v. Spaulding*, 296 N.W.2d 870, 875 (Minn.1980) (section 609.035 does not apply where conviction set aside on appeal); *State v. Simon*, 275 N.W.2d 51, 52 (Minn.1979) (section 609.035 does not apply where charge dismissed before trial); *State v. Gaulke*, 281 Minn. 327, 329, 161 N.W.2d 662, 663 (1968) (section 609.035 does not apply where case dismissed although jury had been impaneled).

Even were we to decide that there had been a prior conviction or acquittal in Watonwan County, however, section 609.035 would still not apply because the conduct in Watonwan County constitutes a separate behavioral incident from the conduct in Brown County; that is, the two charges stem from distinct offenses. In determining whether section 609.035 applies, courts consider the factors of time and place as well as whether the conduct was motivated "by a desire to obtain a single criminal objective." *State v. Hawkins*, 511 N.W.2d 9, 13 (Minn.1994). Key considerations include whether the offenses can be explained without necessary reference to each other, *State v. Banks*, 331 N.W.2d 491, 494 (Minn.1983), and whether the crimes were in furtherance of each other, *Mercer v. State*, 290 N.W.2d 623, 626 (Minn. 1980).

We agree with respondent that the two incidents are not part of the same criminal conduct because, after appellant separated out the supply for the Iowa trip, he had possession of two discrete amounts of marijuana in two different venues intended for separate use or sales at significantly different times. Although appellant *stored* marijuana in Brown County for several days before it was discovered on May 7, another three pounds were in the trunk of the car, and it was being *transported,* presumably to consummate a sale in Iowa. Thus, this case is distinguishable from *State v. Zimmerman,* 352 N.W.2d 452, 454 (Minn.App.1984), where we held that a common cause of conduct existed where the defendant possessed multiple controlled substances at the same time and place. In *Zimmerman,* we also noted that the defendant's objective with respect to all the seized substances was identical—for personal consumption, with no intent to sell *any* of the various drugs in her possession. *Id.*

The facts required for a prosecution in each of the two counties are different. The possession charge arising in Watonwan County required the observation of marijuana in the trunk of the car that appellant was driving and Salinas's testimony that he saw appellant place the marijuana into the trunk; in contrast, the possession charge in Brown County required observation of marijuana in a storage unit and Ibarra's testimony that it was appellant who sought permission to store the drugs and who placed them in the storage unit.

## DECISION

Minn.Stat. § 609.035 does not apply where there was no prior conviction or acquittal

and, even if there was, the prior conviction or acquittal was related to a different offense.

**Affirmed.**

RANDALL, Judge (dissenting).

I respectfully dissent. I conclude the actions and intentions of appellant are a single behavioral event barring multiple prosecutions.

If the two offenses are motivated by one criminal objective, are substantially similar in time and place, arise from continuous and uninterrupted conduct, and manifest an indivisible state of mind, then the offenses must be one behavioral incident. *State v. O'Hagan*, 474 N.W.2d 613, 622 (Minn.App.1991), *pet. for rev. denied* (Minn. Sept. 25, 1991). Another consideration is whether one offense was committed to facilitate the other. *Hawkins*, 511 N.W.2d at 14.

Appellant's actions and intentions at the Sunrise Apartments and in the car driving through St. James were identical: to store, possess, transport, and sell marijuana. The acts of possession and transportation cannot be isolated from appellant's overall actions and intentions concerning the marijuana. Appellant had some marijuana stored in a storage locker and some in his car. Appellant had the intent to sell all the marijuana, regardless of the two locations in which he had possession. Appellant was arrested only 26 miles away and 90 minutes after he left Sunrise Apartments. Appellant stored the marijuana in the locker to facilitate his singular goal of selling it. The two acts are intimately connected and should not be divided into separate incidents to "create" two separate crimes.

Thus, his conviction in Brown County should have been barred as a serial prosecution since he was charged for the same thing in Watonwan County. To allow another prosecution on the same behavioral incident allows manipulation by the state, exposing appellant to future prosecution.

The underlying policy of this statute is to protect against double punishment

> and at the same time insure that punishment for a *single incident of criminal behavior involving a multiplicity of viola-*

*tions* is commensurate with the criminality of defendant's misconduct.

*State v. Johnson*, 273 Minn. 394, 399, 141 N.W.2d 517, 521–22 (1966) (emphasis added). The facts show multiple violations in a single criminal behavioral incident. I find Minn. Stat. § 609.035 applies and the serialized prosecution in Brown County is barred.

Further, the legal proceedings in Watonwan County comprise an equitable estoppel to prosecution in Brown County for the same crime. In Watonwan County the prosecutor, after the jury was impaneled and sworn, agreed to diversion for appellant, but with consequences should he run afoul of the law. The period of diversion or informal probation was not over and thus appellant was still under the gun in Watonwan County at the time Brown County charged him anew. It is technically correct that § 609.035 talks about conviction or acquittal, but when the state prevents a conviction or acquittal by agreeing to a diversion program holding the charge open over the defendant's head as a lever to induce good behavior, I suggest the state is stopped from stating "I am sorry, but diversion isn't technically an acquittal or a conviction. Therefore, all other counties having jurisdiction can prosecute you for the same offense."

I would reverse and enter judgment in favor of appellant.