**STATE of Minnesota, Plaintiff,**

**v.**

**Kellie Ruth SATER, Defendant.**

No. C6–98–1463.

Court of Appeals of Minnesota.

Dec. 15, 1998.

Review Denied Feb. 18, 1999.

Hubert H. Humphrey III, Attorney General, Thomas R. Ragatz, Assistant Attorney General, St. Paul, MN (for plaintiff).

John J. Muhar, Itasca County Attorney, Grand Rapids, MN (for plaintiff).

Richard P. Holmstrom, Duluth, MN (for defendant).

Considered and decided by KLAPHAKE, Presiding Judge, DAVIES, Judge, and AMUNDSON, Judge.

## OPINION

DAVIES, Judge.

The trial court certified the following question: Does Minn.Stat. §§ 609.035 or 609.04 bar retrial when a jury reaches a verdict of not guilty of first-degree murder, but cannot reach a verdict on three other charged offenses that arose from the same behavioral incident? We answer this certified question in the negative.

## FACTS

Defendant Kellie Ruth Sater was tried for (1) first-degree murder, (2) second-degree intentional murder, (3) second-degree felony murder, and (4) second-degree felony murder for the benefit of a gang. All four charges arose from a single behavioral incident. A jury acquitted defendant of first-degree murder, but deadlocked on the lesser charges. Defendant subsequently moved to dismiss those charges, citing Minn.Stat. §§ 609.035 and 609.04. The trial court denied defendant's motion, but certified the question to this court pursuant to Minn. R.Crim. P. 28.03.

## ISSUE

■ Does Minn.Stat. §§ 609.035 or 609.04 bar retrial when a jury reaches a verdict of not guilty of first-degree murder, but deadlocks on three lesser offenses that arose from the same behavioral incident?

## ANALYSIS

A certified question is an issue of law, which an appellate court reviews de novo. *In re Butler*, 552 N.W.2d 226, 229 (Minn. 1996).

### I. Minn.Stat. § 609.035

Minn.Stat. § 609.035, subd. 1 (Supp.1997), provides:

[I]f a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them.

Defendant cites *State v. Johnson*, 273 Minn. 394, 141 N.W.2d 517 (1966), to support her argument that, if a jury acquits a criminal defendant of any charge arising from a behavioral incident, section 609.035 bars retrial of all remaining charges arising from that behavioral incident. In *Johnson*, the defendant pleaded guilty to a minor charge of driving over the center line, then asserted that section 609.035 barred later prosecution for a related charge of driving under the influence. *Id.* at 396–97, 141 N.W.2d at 520. The supreme court held that section 609.035 prohibits serial prosecution of multiple offenses arising from a single behavioral incident and ordinarily would have barred charging and prosecution of the DWI charge following conviction on the lesser charge. *Id.* at 397–98, 141 N.W.2d at 520–21. The court held, however, that Johnson had himself asked for serial prosecution and, thus, had waived this prohibition. *Id.* at 405–06, 141 N.W.2d at 525–26.

■ But the *Johnson* court did not address retrial of charges arising from the same behavioral incident that (1) had already been charged, (2) had been tried with the charge to which the defendant pleaded guilty, and (3) were not disposed of at that trial. The court noted that:

[A] proper use of [section 609.035] contemplates one prosecution for all offenses resulting from a single behavioral incident with all such offenses charged as separate counts. In such a single prosecution, *no plea or dismissal of any offense charged*

*will prevent the prosecution from continuing until all offenses charged are disposed of.*

*Id.* at 406, 141 N.W.2d at 526 (emphasis added) (footnote omitted). We believe this statement in *Johnson* is clear: A defendant who is acquitted or convicted of one among several criminal charges, tried in a single proceeding and arising from a single course of conduct, may be retried for any charges on which the jury did not reach a verdict because those charges have not been "disposed of" by conviction, acquittal, entry of a plea, or dismissal.[1]

We conclude that, while a prosecutor cannot file a new indictment or complaint to begin prosecution of any new charge following a trial that resolved a charge arising from that same behavioral incident, charges tried but unresolved are subject to retrial. Other courts interpreting section 609.035 have reached a similar conclusion. *See State v. Spaulding,* 296 N.W.2d 870, 875 (Minn. 1980) (when initial conviction is set aside on appeal, section 609.035 does not bar *retrial* of other charges arising from same conduct); *State v. Simon,* 275 N.W.2d 51, 52 (Minn. 1979) (section 609.035 does not, on dismissal of one charge, bar prosecution of other pending charges arising from same conduct); *State v. Martinez,* 530 N.W.2d 849, 851 (Minn.App.1995) (section 609.035 does not apply where prosecution has not ended in conviction or acquittal, as where matter is continued because defendant has entered diversion program), *review denied* (Minn. June 14, 1995).

We note that it is a common practice when a defendant has been acquitted of one criminal charge to retry on lesser charges on which the jury deadlocked. *See, e.g., State v. Gurske,* 395 N.W.2d 353, 354–57 (Minn.1986) (remanding for retrial of pending lesser charges following deadlock and dismissal of felony-murder charge). Retrial is merely the continuation of an incomplete prosecution.

Defendant, nonetheless, urges us to hold that an acquittal of a single charge allows her to escape accountability for lesser charges on

which no verdict was reached. Defendant ignores the fact that she could be retried on *all* counts if the jury had deadlocked on *all* counts; so her suggestion that acquittal on one count bars retrial of all remaining counts on which the jury deadlocked is illogical. In enacting section 609.035, the legislature could not have intended such a result. *See* Minn. Stat. § 645.17 (1996) (presumption that legislature did not intend absurd or unreasonable result).

Allowing retrial of unresolved charges promotes justice and protects the public safety and welfare. Accordingly, we hold that Minn.Stat. § 609.035 does not, following acquittal of one charge arising from a single behavioral incident, bar retrial of lesser charges that were tried with the acquitted charge and on which the jury reached no verdict.

## II. Minn.Stat. § 609.04

Minn.Stat. § 609.04, subd. 2 (1996), provides that "[a] conviction or acquittal of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." This statute bars "further prosecution," which we interpret to mean the pursuit of new charges. There is no reason to believe that the legislature intended acquittal of one charge to bar retrial of lesser crimes *already charged* and tried along with the charge on which there was an acquittal.

## DECISION

Neither Minn.Stat. § 609.035 nor Minn. Stat. § 609.04 bars retrial of three other charged offenses that arose from the same behavioral incident when a jury acquits on a charge of first-degree murder but cannot reach a verdict on the other charges. The trial court did not err by denying defendant's motion to dismiss.

**Affirmed and certified question answered in the negative.**

---

1. An exception to this rule applies when there is an acquittal of a lesser-included charge. Such an acquittal bars subsequent retrial of more serious charges. Minn.Stat. § 609.04, subd. 2 (1996).