**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles CANNON, Defendant-Appellant.**

**No. 72-2661.**

United States Court of Appeals,
Ninth Circuit.

Dec. 27, 1972.

Steven M. Kipperman, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., James H. Daffer, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLEY, BROWNING and WRIGHT, Circuit Judges.

PER CURIAM:

After conviction by a jury of possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)), Cannon has appealed and urges three as-

signments of error: (1) comments of counsel for a co-defendant, during argument to the jury, were prejudicial and denied Cannon a fair trial; (2) requests for jury instructions were erroneously refused; and (3) the district court erred in admitting evidence that Cannon was armed at the time of the offense. He raises no question that the evidence was not sufficient to convict. We have considered all contentions, and find them to be without merit.

■ Cannon was tried with four co-defendants. In closing argument, counsel for one of the others made an inappropriate remark that ". . . if it were not possible . . . to find guilt on the part of the defendants in this case, they wouldn't still be here." The trial judge took prompt corrective action and instructed the jury to disregard the comments. After denying a motion for a mistrial, the judge went further with the jury and patiently explained that the indictment was not proof of guilt, that it was the jury's province to establish the guilt or innocence of the defendants, and that there had been no ruling by the court on that question at all. In light of the substantial evidence of guilt and the court's prompt action, we conclude that the comment was not prejudicial.

■ The jury instructions proposed by counsel for Cannon did not properly state the law as to possession and are not supported by the authorities cited. There was no error in rejecting them.

■ Cannon was armed with a weapon at the time of the offense and evidence to that effect was admitted. He argues that the gun proved nothing and the evidence was highly prejudicial, outweighing any probative effect it might have had. That was for the trial court to weigh in the exercise of its discretion. United States v. Ravich 421 F.2d 1196 (2d Cir. 1970), cert. denied 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); Rivers v. United States, 270 F.

2d 435 (9th Cir. 1959), cert. denied 362 U.S. 920, 80 S.Ct. 674, 4 L.Ed.2d 740 (1960). There was no abuse of discretion here. The charge of possession with intent to distribute made relevant all of the surrounding circumstances. It may reasonably be inferred that an armed possessor of drugs has something more in mind than mere personal use.

Affirmed.