904 F.2d 42
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rito Andres VILLA, Defendant-Appellee.
 No. 89-30037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1989.
Decided May 24, 1990.
 Before EUGENE A. WRIGHT, TANG and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rito Villa appeals his conviction of one count of possession with intent to distribute cocaine. He alleges invalidity of the search warrant and error in admission of firearms evidence. We affirm.
 
 DISCUSSION
 1. Search Warrant
 
 3
 Villa contends that the evidence seized pursuant to the search warrant (including an assult rifle) should have been excluded. He claims that the warrant was invalid for three reasons. First, he asserts that the warrant lacked probable cause because (1) the warrant was facially deficient; (2) any possible allegations in the warrant regarding Villa were stale; and (3) no nexus was established between the residence of Villa and any criminal activity. Second, Villa contends that the district court should have held a Franks hearing because the affidavit contained material omissions and misleading statements of fact.
 
 
 4
 (i) Probable Cause Underlying the Warrant
 
 
 5
 (1) Factual Sufficiency
 
 
 6
 We conclude the warrant was sufficient because the supporting affidavit furnished the magistrate with a substantial basis to find probable cause. The affidavit indicated not only that Villa was involved in illegal drug activity but also that evidence of drug dealing would be found at Villa's house. The affidavit provides evidence of Villa's involvement with drugs in several ways: (1) matching a description of the male in the truck at the June 15, 1988 drug sale to Villa; (2) sighting the same truck outside of Villa's home; and (3) Ramirez' statement he sold Villa the truck seen at the June drug sale. Second, the affidavit provides a basis for concluding drugs would be found at Villa's house (1) because the affidavit indicates Villa is a drug dealer; and (2) the affidavit presents the conclusion of Raymond Troy, a trained police officer, that evidence of dealing drugs would be found at the residence of a drug dealer, like Villa. See United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986); see United States v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987) (magistrate can rely on trained officer's conclusion on where drugs will be present).
 
 
 7
 (2) Staleness
 
 
 8
 We conclude that the evidence in the affidavit was not stale. The contents of the affidavit provide a sufficient basis to believe Villa was a supplier to an ongoing drug business. See Angulo-Lopez, 791 F.2d at 1399.
 
 
 9
 (3) Nexus
 
 
 10
 We conclude there was a reasonable nexus between Villa's alleged drug dealing and his residence because, as mentioned earlier, if there is reason to believe that Villa was a drug dealer, then there is reason to believe evidence of drug trafficking would be at Villa's residence.
 
 
 11
 (ii) Franks Hearing
 
 
 12
 We conclude there was no need for a Franks hearing because Villa has failed to make a substantial showing that alleged omissions were either intentional or reckless.
 
 
 13
 Villa contends that the affidavit recklessly omitted the following facts: (1) Ramirez also fits the physical description of the person seen in the truck; (2) Ramirez was serving a sentence for possession of heroin and had been previously charged with delivery of a controlled substance; and (3) Ramirez had registered the truck in December 1987 after he claimed to have sold it to Villa.
 
 
 14
 (1) Ramirez's Physical Description.
 
 
 15
 The affiant, Officer Troy, at the time of the affidavit, had never seen either Ramirez or Villa. Thus, when a local law enforcement official, Burchfiel, told him that Villa matched the physical description of the male in the truck and the truck had been found outside Villa's residence, Troy had no reason to disbelieve Burchfiel. Consequently, contrary to Villa's claim, Troy also had no reason either to believe that Ramirez matched the description, or to speak to a second local law enforcement officer, McCleary, who had spoken to Ramirez, to check whether Ramirez matched the physical description. Thus, Troy's omission of Ramirez's description was not reckless.
 
 
 16
 (2) Ramirez's Criminal Background
 
 
 17
 Because, as discussed, Troy had no reason to focus on Ramirez as a possible suspect, Troy had no reason to investigate, let alone include, Ramirez's criminal background in the affidavit.
 
 
 18
 (3) Ramirez's Registration
 
 
 19
 The affidavit does indicate that the truck was registered in Ramirez's name, even though Ramirez claimed that he sold it to Villa. However, no date is given for the registration. Thus, Villa is arguing that omitting the particular date of Ramirez's registration was reckless. We disagree. The key fact is that Villa had possession of the truck even though it was registered in Ramirez' name. That fact is in the affidavit. The date of the registration is of no consequence.[1]
 
 2. Firearm Evidence
 
 20
 Villa contends that the district court should have suppressed his statements about the assault rifle because they came about as a result of a custodial interrogation not covered by the public safety exception to the Miranda warnings. Villa also contends that the firearms admitted into evidence should have been excluded because their admission was more prejudicial than probative.
 
 
 21
 (i) Public Safety Exception
 
 
 22
 We conclude that if there was error in admitting the firearm statement, any error was harmless beyond a reasonable doubt. See United v. Disla, 805 F.2d 1340, 1347-48 (9th Cir.1986). The error was harmless beyond a reasonable doubt because Villa's statement could not have affected his conviction. Villa's statement was cumulative evidence only. The rifle itself was properly admitted (see the following section), as were the other guns and the drugs.
 
 
 23
 (ii) Firearms Admission
 
 
 24
 We conclude that the district court did not abuse its discretion when it admitted the firearms. Firearms can have probative value in proving possession with the intent to distribute because " 'it may reasonably be inferred that an armed possessor of drugs has something more in mind than mere personal use.' " United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.) (quoting United States v. Cannon, 472 F.2d 144, 145 (9th Cir.1972)), cert. denied, --- U.S. ----, 109 S.Ct. 369 (1988). The firearm evidence was particularly probative in this case because it bore on Villa's story that he had no idea that he had the larger quantity of drugs. This probative value outweighted whatever prejudicial effect admission of the firearms might have had.
 
 
 25
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Villa also contends that the good faith exception does not cure the warrant's defects. Because we conclude that the warrant was valid, we need not employ a good faith analysis