967 F.2d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fermin Lerma SERRANO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando Alfredo DELFIERRO, Defendant-Appellant.
 Nos. 91-50189, 91-50205.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1992.*
Decided June 23, 1992.
 
 Before POOLE, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I.
 
 2
 Appellants Fermin Lerma Serrano and Fernando Alfredo Delfierro were tried and convicted by a jury for offenses involving their attempted sale of 20 kilograms of cocaine. Serrano was found guilty of conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. § 846 & 841(a)(1), and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). Serrano was sentenced to concurrent sentences of 151 months on the conspiracy and possession counts, and a consecutive sentence of 60 months on the firearm count. Delfierro was also found guilty of conspiracy and possession with intent to distribute cocaine, and was sentenced to concurrent terms of 216 months in custody on those counts. Serrano and Delfierro both appeal their convictions, and Delfierro appeals his sentence. Serrano contends that there was insufficient evidence produced at trial to link him to the conspiracy, possession of cocaine, and control over the pistol under his seat in his car. Serrano also argues that his attorney's use of pain killers (necessitated by a gun shot wound he had suffered) deprived him of effective assistance of counsel. Delfierro appeals the introduction of evidence concerning his personal arsenal, and certain hearsay evidence regarding his reputation as a wholesaler in narcotics. Delfierro also appeals the district court's denial of an offense-level reduction for acceptance of responsibility. We affirm.
 
 II.
 
 3
 When presented with a challenge to a conviction alleging insufficiency of the evidence, we "search the record to determine 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendants guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)).
 
 
 4
 Serrano argues that the evidence was insufficient to establish that he knew of the cocaine deal or knew that the cocaine was in the Nissan. He also argues that there was insufficient evidence to establish that he was ever in possession of the cocaine. Finally, he argues that the evidence did not suffice to establish either his knowledge or possession of the handgun under the driver's seat of his car.
 
 
 5
 Taking the evidence in the light most favorable to the government, however, we find little merit to Serrano's claims. From the evidence produced at trial, a reasonable jury could find that Serrano was present when Delfierro and Lerma discussed the cocaine deal; that the cocaine was initially in the trunk of Serrano's car; that Serrano transferred the cocaine from the trunk of his car to the trunk of the Nissan; that Serrano engaged in counter-surveillance while chauffeuring Delfierro; that Serrano heard Delfierro discussing the details of completing the transaction while Delfierro was sitting next to him in the car; and finally that Serrano had a hand-gun under his seat in his car. A reasonable jury could conclude that Serrano was a part of the conspiracy. See Mares, 940 F.2d at 458.
 
 
 6
 Likewise, Serrano's conviction for possession with intent to distribute is supported by evidence presented of his exercise of dominion and control over the contraband, since he was seen removing it from the trunk of his car and placing it in the Nissan. See United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.), cert. denied, 488 U.S. 943 (1988). In addition, evidence supported the jury's finding that Serrano was part of a conspiracy, the members of which had possessed the cocaine with intent to distribute. See Mares, 940 F.2d at 460.
 
 
 7
 Finally, we hold inapposite Serrano's reliance on a number of cases which have held that possession of a firearm is not necessarily established where the defendant is merely a passenger in the car where a gun is found. These cases are distinguishable from Serrano's because the weapon here was found in Serrano's car and under his seat. A reasonable jury could find that Serrano was in possession of the gun. See United States v. Merriweather, 777 F.2d 503, 507 (9th Cir.1985), cert. denied, 475 U.S. 1098 (1986).
 
 III.
 
 8
 Serrano argues that the factual record is sufficiently complete to allow this court to decide whether he was denied effective assistance of counsel through his attorney's use of pain killers. As a general rule, such challenges should be brought by way of collateral attack to allow the record to be developed. It is true that we may consider "ineffective assistance of counsel claims on direct appeal where 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel.' " United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)), cert. denied, 111 S.Ct. 64 (1990); see also United States v. O'Neal, 937 F.2d 1369, 1376 (9th Cir.1990). Review on direct appeal is not possible, however, where appellant's claim "fails to identify material, specific errors and omissions that prejudiced his defense." Rewald, 889 F.2d at 859.
 
 
 9
 The only specific error alleged by Serrano is his attorney's failure to cross-examine Officer Jauch concerning a possible confusion regarding the identification of Serrano. This "error" is not supported by the record. In fact, Serrano's attorney conducted extensive cross-examination of Officer Jauch, and specifically questioned him concerning the confusion regarding the clothing worn by Serrano and Lerma. See Tr. 12/12/90 at 346-349. Moreover, it appears from our review of the record that Serrano's attorney was active and involved in his defense. We are therefore unable to conclude on the existing record that the representation Serrano received was so obviously inadequate that this court could find he was denied effective assistance of counsel.
 
 IV.
 
 10
 We review for an abuse of discretion the district court's decision to admit evidence. Savinovich, 845 F.2d at 837. The question presented is whether the danger of unfair prejudice to Delfierro substantially outweighed the probative value of the evidence regarding the firearms found in his apartment.
 
 
 11
 The court, over Delfierro's Rule 403 objection, admitted the weapons and ammunition into evidence, finding that they were relevant because of Delfierro's desire to conduct the transaction at the apartment. We have repeatedly held that firearms are admissible under Rule 403 in prosecutions for possession of narcotics with intent to distribute, since "[i]t may reasonably be inferred that an armed possessor of drugs has something more in mind than mere personal use." Savinovich, 845 F.2d at 837 (quoting United States v. Cannon, 472 F.2d 144, 145 (9th Cir.1972)); see also United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987). While the evidence may have been prejudicial, we do not believe that the district court abused its discretion in finding that the probative value was not substantially outweighed by the danger of unfair prejudice.
 
 V.
 
 12
 The government sought to offer testimony that the confidential informant, Pedro Gonzalez, heard Mr. Liberato, a restaurant owner, state in Delfierro's presence that Delfierro sold large quantities of cocaine, to which Delfierro just laughed. Delfierro objected that the testimony was hearsay, and was not sufficiently trustworthy to be admitted as an exception to the hearsay rule. The trial court admitted the evidence under the adoptive admission exception to the hearsay rule, Fed.R.Evid. 801(d)(2)(B), which provides that: "A statement is not hearsay if ... The statement is offered against a party and is ... a statement of which the party has manifested an adoption or belief in its truth...."
 
 
 13
 The question is whether it was an abuse of discretion for the district court to admit this evidence over a hearsay objection. United States v. Schaff, 948 F.2d 501, 505 (9th Cir.1991). The district court, while conceding that more than one inference could be drawn from Delfierro's smiling or laughing in response to Liberato's statement, nevertheless found that the testimony met the threshold requirement for admissibility. Tr. 12/13/90 at 479. We agree. See United States v. Monks, 774 F.2d 945, 950 (9th Cir.1985). One could clearly infer from the testimony that Delfierro had heard and understood Liberato's statement. Moreover if, as we have previously held, "[s]ilence in response to the statement of another is an adoptive admission," Schaff, 948 F.2d at 505, then surely laughing or smiling could also be an adoption. The court therefore did not abuse its discretion in admitting the testimony.
 
 VI.
 
 14
 Under U.S.S.G. § 3E1.1(a), the sentencing court is directed to reduce a defendant's offense level by 2 levels "[i]f the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." This is a factual determination, which we review for clear error. United States v. Martinez-Gonzalez, No. 90-50561, slip op. at 5174 (9th Cir. May 5, 1992); United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990). In Martinez-Gonzalez, which involved circumstances similar to those in this case, we observed that:
 
 
 15
 Because the district court questioned the truthfulness of [the defendant's] "self-serving" statements regarding her involvement in the offense and related conduct, we conclude that its refusal to grant a deduction for acceptance of responsibility was not clearly erroneous.
 
 
 16
 Slip op. at 5175. Likewise, we see no clear error in the district court's finding that Delfierro had not accepted responsibility when he persisted in an unbelievable version of the events surrounding the conspiracy and sale of cocaine.
 
 
 17
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3