STATE v. FRED LOVE, JR.

221 N. W. 2d 131.

August 9, 1974—No. 43852.

C. Paul Jones, State Public Defender, for appellant.

Warren Spannaus, Attorney General, Gary W. Flakne, County Attorney, and Theodore R. Rix, Vernon E. Bergstrom, and Michael McGlennen, Assistant County Attorneys, for respondent.

PER CURIAM.

Defendant and a female codefendant, jointly tried by a district court jury, were acquitted of unlawful possession of seconal with intent to sell, but convicted of unlawful possession of both seconal and amphetamines. Defendant, who appeals from judgment of conviction, contends that the trial court erred in admitting into evidence, over objection as to relevancy, a handgun, a clip of shells, and certain narcotics paraphernalia, found by police on the premises where defendant was arrested. We have concluded that the trial court did not abuse its discretion in admitting all of these items.

The rule in Minnesota is that a weapon is admissible in a criminal case if it has some relevance to an issue in the case but not if the only purpose of its admission is to create suspicion in the minds of the jurors by showing that because the defendant owns a gun he is the type of person likely to commit crimes. See, among numerous Minnesota cases, State v. Jackson, 275 Minn. 462, 147 N. W. 2d 689 (1967); State v. Grunau, 273 Minn. 315, 141 N. W. 2d 815 (1966). We believe that in this case the gun and clip were relevant and that their admission was not for an im-

proper purpose. In United States v. Cannon, 472 F. 2d 144 (9 Cir. 1972), the court held that a charge of possession of methamphetamine with intent to distribute made relevant all of the surrounding circumstances, including the fact that defendant was armed with a weapon at the time of the alleged offense. In so holding, the court stated that "[i]t may reasonably be inferred that an armed possessor of drugs has something more in mind than mere personal use." 472 F. 2d 145.

The narcotics paraphernalia admitted at the trial included hypodermic syringes and needles, spoons, a strainer, an eye dropper, empty red capsules, pieces of aluminum foil, and a foil packet containing lactose. Although defendant objected to the admission of a number of these items at trial, on this appeal he challenges only the admission of the pieces of foil and the packets of lactose. In doing so, defendant makes much of the testimony elicited by defense counsel that lactose is normally used for "cutting" or diluting heroin or cocaine and that foil pieces are normally used for packaging heroin, cocaine, or speed. Defendant contends that in view of this testimony these items were irrelevant because the police did not find any heroin, cocaine, or speed on the premises and their admission was prejudicial. We reject this argument because we believe that these items were relevant at the very least to the question of whether defendants were guilty of possessing seconal with intent to sell it. It appears that evidence suggesting that one might be in the business of selling heroin or cocaine or speed is relevant to the question of whether that person has the intent to sell other narcotics or drugs which he possesses in large quantities. Beyond this, the fact that these items are normally used in connection with the "cutting" and packaging of heroin, cocaine, or speed does not mean that these particular defendants were not using them for "cutting" and packaging the seconal.

For all of the foregoing reasons, we hold that the trial court acted properly in admitting this evidence. We also note that the trial court took pains to caution the jury about the use of this evidence.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.