STATE of Minnesota, Respondent,

v.

Brad SUEDEL, Appellant.

No. 82–56.

Supreme Court of Minnesota.

Nov. 5, 1982.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Thomas A. Weist, Rick Osborne and Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

KELLEY, Justice.

Defendant was found guilty by a district court jury of aiding and abetting an aggravated robbery of a drug store, Minn.Stat. § 609.245 (1980). The presumptive sentence for this offense (a severity level VII offense) by one with defendant's criminal history score (four) is 65 (60 to 70) months in prison. The trial court sentenced defendant to 70 months in prison. On this appeal from judgment of conviction defendant contends that his conviction should be reversed outright on the ground that the evidence of

his participation in the robbery was legally insufficient. Alternatively, he seeks a new trial on the ground that the trial court erred in admitting evidence that drugs other than those taken in the robbery were found two days after the robbery in a warranted search of the apartment in which he was living. We affirm.

■ Defendant and two companions in a Buick automobile were observed by an off-duty police officer outside an Osseo drug store at 6:45 p.m. on May 11, 1981. Less than an hour later defendant entered a different Osseo drug store and acted so suspiciously that he attracted the attention of two customers who were leaving the store. Defendant left but returned 10 to 15 minutes later, with one of his companions, Glenn G. Miller, entering shortly after he did. He and Miller did not talk to each other but noticeably glanced at each other a number of times. As defendant was walking out of the store, Miller pulled an automatic pistol and robbed the pharmacist. While Miller was robbing the store, defendant was observed in an adjacent store nervously looking into the parking lot. Finally, the Buick that defendant and Miller were both seen in earlier appeared and defendant got in. This presumably was the getaway car. A few days later defendant was in his apartment with Miller when a search warrant was executed, and defendant responded to the police entry by attempting to flee. Only one bottle of drugs was taken in the Osseo robbery and that bottle was not found in the search of the apartment. However, numerous other drugs and items of drug paraphernalia were found in the apartment.

Defendant's first contention is that the state failed to establish that he intentionally and knowingly participated in the robbery. We hold that the evidence of defendant's guilt was sufficient.

■ Defendant's other contention is that the trial court prejudicially erred in admitting the drugs and drug paraphernalia found in the search of his apartment. Contrary to what defendant argues, the state did connect defendant to the drugs and drug paraphernalia. Defendant lived in the apartment with a woman and her son and shared the rent. It is true that other men also apparently frequented the apartment, but defendant was closely linked to those men. Further, defendant demonstrated his connection to the drugs and drug paraphernalia by trying to flee when the police came to search the apartment. Evidence that defendant was found living in an apartment full of drugs and drug paraphernalia was relevant evidence tending to establish defendant's guilt. Specifically, it helped show that defendant was not just a passive, unwitting, unknowing participant in the chain of events leading up to the robbery but was a knowing and intentional participant. The basic test which the trial court had to apply was whether the evidence tended to connect defendant to the crime or whether it was offered and admitted only to create unfair prejudice to the defense. We are satisfied that the evidence was not offered to create unfair prejudice but was offered because it was significant incriminating evidence tending to further connect defendant to the robbery. Minnesota cases which in varying degrees support the trial court's ruling include *State v. Webber,* 292 N.W.2d 5 (Minn. 1980) (admission of firearm in murder prosecution was for the purpose of connecting the defendant to the crime, not to create unfair prejudice); *State v. Alexander,* 259 N.W.2d 594 (Minn.1977) (silverware bag found in car of defendant at time of arrest was properly admitted in burglary prosecution where there was evidence connecting defendant to thwarted theft of silverware in another related burglary); *State v. Love,* 301 Minn. 484, 221 N.W.2d 131 (1974) (paraphernalia used in packaging heroin, cocaine and speed was properly admitted in prosecution of defendant for possession of Seconal with intent to sell because it tended to show intent). *See also State v. Ralph,* 217 Kan. 457, 537 P.2d 200 (1975) (upholding admission of evidence that a defendant charged with a drug robbery was a narcotics addict).

Affirmed.

YETKA, J., took no part in the consideration or decision of this case.