STATE of Minnesota, Respondent,

v.

Jeffrey Micheal THIEL, Appellant.

No. A13–1346.

Court of Appeals of Minnesota.

May 27, 2014.

Lori Swanson, Attorney General, Michael Everson, Assistant Attorney General, St. Paul, MN; and John J. Muhar, Itasca County Attorney, Grand Rapids, MN, for respondent.

Charles L. Hawkins, Minneapolis, MN, for appellant.

Considered and decided by CLEARY, Chief Judge; HUDSON, Judge; and SMITH, Judge.

## OPINION

CLEARY, Chief Judge.

Appealing a conviction of fifth-degree possession of a controlled substance, appellant argues that the district court erred by

denying his motions for suppression and dismissal because his right to be free from unreasonable searches and seizures was violated during a traffic stop and subsequent search of his vehicle and because Minnesota's classification of marijuana as a Schedule I substance violates his right to equal protection of the law. He also argues that the district court denied him the right to present a defense by excluding evidence of his California medical marijuana patient verification card and use of marijuana for a medical purpose. We affirm.

## FACTS

At approximately 10:00 p.m. on December 16, 2011, a state trooper stopped a vehicle driven by appellant Jeffrey Micheal Thiel for speeding. When the trooper approached appellant's vehicle, he detected a "strong" and "overwhelming" odor of marijuana emanating from the vehicle. The trooper asked whether there was any marijuana inside the vehicle, and appellant handed the trooper a ceramic smoking pipe that contained a small amount of partially burnt marijuana. The trooper believed that the amount of marijuana in the pipe could not have produced the strong odor emanating from the vehicle, and he suspected that there was a larger amount of marijuana inside the vehicle. Appellant denied that there was any other marijuana or contraband in the vehicle. The trooper had appellant step out of the vehicle and perform field sobriety tests, and the trooper did not observe any indications of impairment.

The trooper then conducted a pat-down search of appellant and asked him to sit in the rear of the squad car because the trooper was concerned about the presence of other marijuana inside the vehicle. The trooper ran a check of appellant's license, which revealed a March 2011 traffic stop in Minnesota where a strong odor of marijuana was detected coming from appellant's vehicle.[1] The trooper requested that the local K–9 unit respond to the scene to conduct a canine sniff of appellant's vehicle. The K–9 unit arrived approximately 20–25 minutes later and conducted a canine sniff of the exterior of appellant's vehicle. The canine alerted to the presence of a controlled substance near the handle and seam of the driver's side front door and the fender area near the driver's side front door. A search of the vehicle revealed two mason jars containing raw marijuana located under the hood near the fender and door seam on the driver's side.

Appellant was charged with fifth-degree possession of a controlled substance, in violation of Minn.Stat. § 152.025, subd. 2(b)(1) (2010). He moved to suppress the evidence obtained as a result of the vehicle search, claiming that the duration of the traffic stop and the search of his vehicle were unreasonable and unconstitutional. He also moved to dismiss the charge, arguing that Minnesota's classification of marijuana as a Schedule I substance violates his right to equal protection of the law. The district court denied appellant's motions for suppression and dismissal.

The state moved in limine to "exclud[e] as evidence at trial any reference to [appellant's] California medical marijuana prescription." Appellant sought to testify that he had a medical marijuana patient verification card from California that permitted him to possess and use marijuana for a medical purpose. He maintained

---

1. Appellant contends that a search of his vehicle was conducted during this prior traffic stop and that no contraband was found. The record on appeal reflects only that "[n]othing [in the notes from the prior traffic stop] indicated any contraband being found" and that no citation relating to drugs was issued as a result of the stop.

that he had a due-process right to introduce the evidence. The state argued that this evidence was irrelevant and would confuse the jury. The district court ruled that the evidence was irrelevant and inadmissible. Following that order, appellant waived his right to a jury trial and agreed to a court trial on stipulated facts. On March 7, 2013, the district court found appellant guilty of fifth-degree possession of a controlled substance. This appeal followed.

## ISSUES

I. Were the traffic stop and search of appellant's vehicle unreasonable?

II. Does the classification of marijuana as a Schedule I substance violate the right to equal protection of the law?

III. Did the district court abuse its discretion by excluding evidence of appellant's California medical marijuana patient verification card and use of marijuana for a medical purpose?

## ANALYSIS

**I. The traffic stop and search of appellant's vehicle were not unreasonable.**

Appellant argues that the duration of the traffic stop and the search of his vehicle were unreasonable, violating his constitutional right to be free from unreasonable searches and seizures, and that the district court therefore erred by denying his motion to suppress evidence. When examining a pretrial order on a motion to suppress where the facts are not in dispute, we review de novo the district court's legal determinations and its conclusion as to whether the evidence need be suppressed. *State v. Othoudt,* 482 N.W.2d 218, 221 (Minn.1992). A determination as to the existence of reasonable, articulable suspicion or probable cause is also re-

viewed de novo. *State v. Munson,* 594 N.W.2d 128, 135 (Minn.1999).

The United States and Minnesota Constitutions guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. The temporary detention of an individual during a traffic stop is a seizure. *State v. Fort,* 660 N.W.2d 415, 418 (Minn.2003) (quoting *Whren v. United States,* 517 U.S. 806, 809–10, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996)). A traffic stop must be justified at its inception and reasonable in its scope. *State v. Askerooth,* 681 N.W.2d 353, 364 (Minn. 2004) (citing *Terry v. Ohio,* 392 U.S. 1, 19–20, 88 S.Ct. 1868, 1878–79, 20 L.Ed.2d 889 (1968)). Appellant does not dispute that the initial stop of his vehicle for speeding was justified. *See State v. George,* 557 N.W.2d 575, 578 (Minn.1997) (stating that a valid basis for stopping a vehicle generally exists if law enforcement observes any traffic-law violation).

"An initially valid stop may become invalid if it becomes intolerable in its intensity or scope." *Askerooth,* 681 N.W.2d at 364 (quotation omitted). Each incremental intrusion during a traffic stop must be tied to and justified by the original legitimate purpose of the stop, independent probable cause, or reasonable, articulable suspicion of other illegal activity. *Id.* at 364–65. Probable cause exists when "the totality of the facts and circumstances known would lead a reasonable officer to entertain an honest and strong suspicion that the suspect has committed a crime." *State v. Koppi,* 798 N.W.2d 358, 363 (Minn. 2011) (quotation omitted). Reasonable, articulable suspicion exists "when an officer observes unusual conduct that leads the officer to reasonably conclude in light of his or her experience that criminal activity may be afoot." *In re Welfare of G.M.,* 560 N.W.2d 687, 691 (Minn.1997); *see also*

*State v. Timberlake*, 744 N.W.2d 390, 393 (Minn.2008) (stating that the reasonable-suspicion standard is not high, but that the suspicion must be based on more than a mere hunch of criminal activity). A search of a vehicle without a warrant is justified if there is probable cause to suspect that the vehicle is carrying contraband or illegal merchandise. *Munson*, 594 N.W.2d at 135 (quoting *Carroll v. United States*, 267 U.S. 132, 154, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925)). A canine sniff around the exterior of a vehicle is not a "search," but it is an intrusion that must be justified by at least reasonable, articulable suspicion of drug-related criminal activity. *State v. Wiegand*, 645 N.W.2d 125, 131–35 (Minn.2002).

 Appellant contends that the duration of the traffic stop was unreasonably lengthened after he produced the pipe from his vehicle. There is no rigid limit on the duration of a traffic stop. *State v. Blacksten*, 507 N.W.2d 842, 846 (Minn. 1993). A traffic stop may continue as long as reasonable suspicion remains, provided that police act "diligently and reasonably." *State v. Moffatt*, 450 N.W.2d 116, 119 (Minn.1990) (stating that the reasonableness of the length of a traffic stop "depends on the facts and circumstances" and that "[s]ometimes a 20–minute detention will be too long, sometimes a detention of more than an hour will not be unreasonable"); *see also United States v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985) ("In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.").

 The discovery of marijuana in a car gives law enforcement probable cause to search for more anywhere in the car where one might reasonably expect to find marijuana. *State v. Schinzing*, 342 N.W.2d 105, 110 (Minn.1983); *see also State v. Hanson*, 364 N.W.2d 786, 789 (Minn.1985) ("The discovery of the [marijuana] cigarette clearly justified the further search of the car. . . ."). Appellant produced from inside his vehicle a pipe containing partially burnt marijuana, which gave the trooper probable cause to search the vehicle for more marijuana. The trooper could continue the traffic stop to conduct that search provided he acted "diligently and reasonably." *See Moffatt*, 450 N.W.2d at 119; *see also Munson*, 594 N.W.2d at 135–36 ("[E]ven if a search is supported by probable cause, the scope of the search and any detention of the suspect must still be reasonable."). Appellant contends that the trooper's suspicion that the vehicle contained marijuana should have been dispelled after he produced the pipe and denied that there was any other marijuana or contraband inside the vehicle. But the trooper reasonably suspected that the vehicle contained a larger amount of marijuana based on the strong and overwhelming odor emanating from the vehicle, and the trooper was not obligated to believe appellant's assertion that there was no more marijuana in the vehicle.

 Appellant maintains that, even if the trooper had probable cause to search the vehicle, the duration of the traffic stop was unnecessarily lengthened by the canine sniff and the time spent waiting for the K–9 unit to arrive. But courts have held that delays in traffic stops to allow canines to arrive and sniff have been reasonable, even in instances where probable cause to search a vehicle already existed. *See, e.g., Munson*, 594 N.W.2d at 137–38 ("Nothing in the record suggests that the police intentionally or negligently delayed their efforts any longer than necessary to

effectuate the purpose of the stop. Rather, the record shows that the police merely secured their safety and waited for a canine unit to assist them, an entirely reasonable tactic considering that the object of their search was drugs."). "A court reviewing whether the police acted diligently and reasonably should not indulge in unrealistic second-guessing.... The fact that the police in a given case might have investigated the case in a different way arguably taking less time does not mean that the police acted unreasonably." *Moffatt*, 450 N.W.2d at 119.

Here, the K–9 unit took approximately 20–25 minutes to arrive on the scene in a rural area, but there is no indication that this wait time was unnecessarily long. Additionally, the canine's ability to alert to the presence of controlled substances in a specific location may have abbreviated the duration of the search of the vehicle. In this instance, law enforcement acted diligently and reasonably in investigating the situation and conducting the search, and the duration of the traffic stop was not unreasonably lengthened. Because the traffic stop and the search of appellant's vehicle were not unreasonable and did not violate appellant's constitutional rights, the district court did not err by denying the motion to suppress evidence.

## II. The classification of marijuana as a Schedule I substance does not violate the right to equal protection of the law.

■■■■ Appellant claims that Minnesota's classification of marijuana as a Schedule I substance violates his right to equal protection under the United States and Minnesota Constitutions and that the district court therefore erred by denying his motion for dismissal of the charge against him. The United States Constitution guarantees the right to "equal protection of the laws." U.S. Const. amend. XIV, § 1. The Minnesota Constitution does not

contain an explicit equal-protection provision, but "our state constitution embodies principles of equal protection synonymous to the equal protection clause of the Fourteenth Amendment to the United States Constitution." *State v. Russell*, 477 N.W.2d 886, 889 n. 3 (Minn.1991). The constitutionality of a statute is reviewed de novo. *State v. Wolf*, 605 N.W.2d 381, 386 (Minn. 2000). Statutes are presumed to be constitutional, and a court "will exercise its power to declare a statute unconstitutional with extreme caution and only when absolutely necessary." *State v. Larsen*, 650 N.W.2d 144, 147 (Minn.2002). The party challenging the constitutionality of the statute "must demonstrate, beyond a reasonable doubt, that the statute violates a provision of the constitution." *State v. Grossman*, 636 N.W.2d 545, 548 (Minn. 2001).

■■■■ The right to equal protection under the United States and Minnesota Constitutions guarantees that people who are similarly situated are treated alike; thus to establish a denial of equal protection, a defendant must first show that similarly situated people have been treated differently. *State v. Cox*, 798 N.W.2d 517, 521–22 (Minn.2011) (stating that "we have routinely rejected equal-protection claims when a party cannot establish that he or she is similarly situated to those whom they contend are being treated differently"); *see also Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992) (stating that the guarantee of equal protection does not forbid classifications, but "simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike").

Marijuana is classified as a Schedule I substance under Minnesota law, which appellant claims is unjustified. *See* Minn. Stat. § 152.02, subd. 2(3) (Supp.2011).

Schedule I substances are those that have "[a] high potential for abuse, no currently accepted medical use in the United States, and a lack of accepted safety for use under medical supervision," while Schedule II substances are those that have "[a] high potential for abuse, currently accepted medical use in the United States, or currently accepted medical use with severe restrictions, and that abuse may lead to severe psychological or physical dependence." Minn.Stat. § 152.02, subd. 7(1), (2) (2010). It is a felony offense in Minnesota to unlawfully possess either a Schedule I or Schedule II substance, except a small amount of marijuana. Minn.Stat. § 152.025, subd. 2 (2010). But Schedule II substances can be prescribed in Minnesota, see Minn.Stat. §§ 152.11–.125 (2010), which differentiates Schedule II substances from Schedule I substances.[2]

Appellant's argument that possessors of marijuana for medical use are similarly situated to possessors of Schedule II substances for medical use presumes that marijuana, like Schedule II substances, has a "currently accepted medical use." At the time of the offense, the legislative and executive branches of government of this state had not determined that marijuana has a medical use. The state legislature recently approved legislation that will permit use of medical cannabis in certain situations. 2014 Minn. Laws ch. 311, §§ 1–22. The decision whether to reschedule marijuana should likewise be left to the legislative and executive branches. It is inappropriate for this court to independently evaluate whether marijuana is properly classified under Schedule I. See, e.g., United States v. Fogarty, 692 F.2d 542, 547 (8th Cir.1982) (stating that "the

judiciary may not sit as a superlegislature" and that "judicial self-restraint is especially appropriate where as here the challenged classification [of marijuana as a Schedule I substance] entails legislative judgments on a whole host of controversial medical, scientific, and social issues") (quotation omitted).

■ Moreover, the classification of marijuana as a Schedule I substance passes rational—basis scrutiny. Appellant contends that this court should apply strict scrutiny to the classification. A classification that adversely affects a fundamental right or is based on a suspect category is constitutional if it passes strict scrutiny in that the classification is "necessary or narrowly tailored to a compelling governmental purpose." Krueth v. Indep. Sch. Dist. No. 38, 496 N.W.2d 829, 835 (Minn.App. 1993) (citing City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985)), review denied (Minn. Apr. 20, 1993). Appellant maintains that the use of marijuana is a form of health care affordable to him, and he claims that he has a fundamental right to affordable health care while at the same time he concedes that affordable health care has not been recognized as a fundamental right. See Mitchell v. Clayton, 995 F.2d 772, 775–76 (7th Cir.1993) (stating that "most federal courts have held that a patient does not have a constitutional right to obtain a particular type of [medical] treatment"); see also Raich v. Gonzales, 500 F.3d 850, 866 (9th Cir.2007) (stating that "federal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician to allev-

---

**2.** Even under the legislation recently approved by the state legislature, medical cannabis is not prescribed by health care practitioners. Rather, a practitioner may provide a patient with a "certification of diagnosis" of a qualifying medical condition, which the patient then includes as part of an application to become part of the patient registry program. 2014 Minn. Laws ch. 311, §§ 7, 8.

iate excruciating pain and human suffering").

In other cases examining the classification of marijuana as a Schedule I substance in response to equal-protection challenges, courts have instead applied rational-basis scrutiny. *See, e.g., Fogarty,* 692 F.2d at 547; *State v. Vail,* 274 N.W.2d 127, 134–36 (Minn.1979). A classification that does not adversely affect a fundamental right and is not based on a suspect category is constitutional if it passes rational-basis scrutiny. *Exxon Corp. v. Eagerton,* 462 U.S. 176, 195–96, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983); *State v. Benniefield,* 678 N.W.2d 42, 46 (Minn. 2004). Under the Equal Protection Clause of the United States Constitution, a classification passes rational-basis scrutiny "if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose." *Exxon Corp.,* 462 U.S. at 196, 103 S.Ct. at 2308. Rational-basis scrutiny under the Minnesota Constitution is "more stringent" in that Minnesota courts are "unwilling to hypothesize a rational basis to justify a classification, as the more deferential federal standard requires," and "require[ ] a reasonable connection between the actual, and not just the theoretical, effect of the challenged classification and the statutory goals." *Russell,* 477 N.W.2d at 888–89.

The Minnesota Supreme Court previously determined that the classification of marijuana as a Schedule I substance passes rational-basis scrutiny and does not violate the right to equal protection. *See Hanson,* 364 N.W.2d at 790–91 (adopting the rationale and holding of *Fogarty,* 692 F.2d at 547–48, and stating that "the legislative classification of marijuana in Schedule I does not violate the constitution"); *Vail,* 274 N.W.2d at 135–36 ("In view of the continued debate over possible short- and long-term physical and psychological effects, it cannot fairly be said that continued apprehension and reluctance of the state board of pharmacy to reschedule marijuana is so arbitrary and unreasonable as to render it unconstitutional."). Given the continuing debate over the extent of the use of marijuana for medical purposes, there is a legitimate state purpose in classifying marijuana as a Schedule I substance and treating possessors of marijuana for medical use differently than possessors of Schedule II substances for medical use. Appellant has not demonstrated that the classification of marijuana as a Schedule I substance treats similarly situated people differently or that it fails rational-basis scrutiny. Minnesota's classification of marijuana does not violate the right to equal protection of the law, and the district court did not err by denying appellant's motion for dismissal.

### III. The district court did not abuse its discretion by excluding evidence of appellant's California medical marijuana patient verification card and use of marijuana for a medical purpose.

Appellant wished to testify before a jury that, at the time of the offense, he possessed a California medical marijuana patient verification card that permitted him to grow 99 marijuana plants and possess 19 pounds of processed marijuana for his yearly medical needs. He wished to testify that he uses marijuana in lieu of other painkillers to control chronic pain from injuries and surgeries. Appellant argues that the district court's evidentiary ruling excluding this testimony deprived him of his due-process right to present a defense. "Evidentiary rulings rest within the sound discretion of the [district] court and will not be reversed absent a clear abuse of discretion." *State v. Amos,* 658 N.W.2d 201, 203 (Minn.2003). This is true even when a defendant alleges that an evidentiary ruling violates constitutional

rights. *State v. Tovar,* 605 N.W.2d 717, 722 (Minn.2000). On appeal, the defendant has the burden of proving that the district court abused its discretion and that the defendant was thereby prejudiced. *State v. Nunn,* 561 N.W.2d 902, 907 (Minn. 1997).

 Due process guaranteed by the United States and Minnesota Constitutions requires that a criminal defendant be " 'afforded a meaningful opportunity to present a complete defense.' " *State v. Richards,* 495 N.W.2d 187, 191 (Minn.1992) (quoting *California v. Trombetta,* 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984)). But the right to present a defense is not absolute. *State v. Hannon,* 703 N.W.2d 498, 506 (Minn.2005). In exercising this right, a defendant " 'must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *Richards,* 495 N.W.2d at 195 (quoting *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297 (1973)). Evidence must be relevant to be admissible, and there is no constitutional right to present irrelevant evidence. *State v. Woelfel,* 621 N.W.2d 767, 773 (Minn.App.2001), *review denied* (Minn. Mar. 27, 2001). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Minn. R. Evid. 401.

Appellant was charged with and convicted of fifth-degree possession of a controlled substance. "A person is guilty of [a] controlled substance crime in the fifth degree ... if: (1) the person unlawfully possesses one or more mixtures containing a controlled substance classified in Schedule I, II, III, or IV, except a small amount of marijuana...." Minn.Stat. § 152.025,

subd. 2(a); *id.,* subd. 2(b) (providing for an enhanced sentence for a person with a prior controlled-substance conviction). " 'Unlawfully' means selling or possessing a controlled substance in a manner not authorized by law." Minn.Stat. § 152.01, subd. 20 (2010). Appellant wished to testify that he was authorized by the State of California to possess marijuana for medical use. At the time of the offense, Minnesota had not determined that marijuana has an accepted medical use and did not recognize the use of marijuana for medical purposes outside of a limited research group testing the usefulness of marijuana in alleviating the side effects of chemotherapy. *See* Minn.Stat. § 152.21 (2010). Minnesota need not incorporate California's decision to permit medical patients to possess and use marijuana. *See Franchise Tax Bd. of Cal. v. Hyatt,* 538 U.S. 488, 494, 123 S.Ct. 1683, 1687, 155 L.Ed.2d 702 (2003) (stating that "the Full Faith and Credit Clause [of the United States Constitution] does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate") (quotations omitted). Additionally, a defense of medical necessity is not available in Minnesota for a defendant charged with a controlled-substance crime. *State v. Hanson,* 468 N.W.2d 77, 78–79 (Minn.App.1991), *review denied* (Minn. June 3, 1991) (affirming the exclusion of evidence that a defendant cultivated and used marijuana to control epileptic seizures). Appellant's testimony that he possessed a California medical marijuana patient verification card and used marijuana for a medical purpose is not relevant to his charge of fifth-degree possession of a controlled substance. Although this testimony may have helped appellant to explain his conduct to a jury, it would not have excused his conduct and it also would have served to confuse and mislead the jury. *See* Minn. R. Evid. 403

(stating that even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of, among other things, confusion of the issues or misleading the jury). The district court did not abuse its discretion by excluding appellant's testimony regarding his California medical marijuana patient verification card and his use of marijuana for a medical purpose.

## DECISION

Because the traffic stop and search of appellant's vehicle did not violate his right to be free from unreasonable searches and seizures and because the classification of marijuana as a Schedule I substance does not violate his right to equal protection of the law, the district court did not err by denying appellant's motions for suppression and dismissal. Because evidence relating to appellant's California medical marijuana patient verification card and use of marijuana for a medical purpose is not relevant to his charge of fifth-degree possession of a controlled substance, the district court did not abuse its discretion by excluding such evidence.

**Affirmed.**