*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0672**

State of Minnesota,
Respondent,

vs.

Donald Wallace Butler,
Appellant.

**Filed December 22, 2014
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-CR-13-25209

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Erica S. Glassberg, Assistant City Attorney, Bloomington, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rochelle R. Winn, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Hooten, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

**KIRK**, Judge

On appeal from his conviction of failure to carry proof of insurance, appellant argues that the district court erred by determining that the officer had a reasonable, articulable suspicion to stop appellant's vehicle. We affirm.

**FACTS**

At approximately 2:23 a.m. on July 29, 2013, a Bloomington police officer was on routine patrol at the intersection of American Boulevard and Portland Avenue. A dark red vehicle that was traveling southbound on Portland Avenue caught the officer's attention when it made a quick right turn onto 84th Street without activating its signal at least 100 feet before the turn. The officer made a right turn onto 84th Street and began following the vehicle. He drove closer to the vehicle so that he could get the license-plate number and, as he did so, the vehicle made another right turn onto Third Avenue. The driver of the vehicle signaled the turn, but it was again not activated at least 100 feet before the turn. After the vehicle turned onto Third Avenue, the officer observed it stop in the middle of the road. He did not observe anything in the road that would have prohibited the vehicle from continuing forward.

The officer continued driving on 84th Street for two blocks, turned right on Stevens Avenue, and then drove back to a position that allowed him to see the intersection where the vehicle had turned because he was concerned that the driver of the vehicle was trying to evade him. The officer parked on Stevens Avenue and observed the vehicle back out of Third Avenue onto 84th Street and resume traveling westbound on

84th Street. The officer followed the vehicle on 84th Street. At the intersection of 84th Street and Nicollet Avenue, he got close enough to obtain the license-plate number. Before pulling the vehicle over, the officer ran the vehicle's license-plate number for officer-safety reasons.

The officer continued following the vehicle for three to four blocks before initiating a traffic stop. The officer identified the driver of the vehicle as appellant Donald Wallace Butler, the registered owner of the vehicle. The officer asked appellant for his license and proof of insurance. After appellant provided him with an expired insurance card, the officer arrested appellant for failure to carry proof of insurance.

Respondent State of Minnesota charged appellant with gross misdemeanor failure to carry proof of insurance. Appellant's counsel moved to suppress evidence. At a hearing addressing appellant's motion, appellant testified that he turned the first time to allow the officer to pull him over. After the officer drove by him, appellant testified that he pulled back onto 84th Street to continue driving to work. The district court denied the motion to suppress, finding that the officer had a reasonable suspicion that appellant was trying to evade him, justifying his stop of appellant's vehicle. Appellant waived his right to a jury trial and agreed to proceed with a stipulated-facts trial. The district court found appellant guilty of the charge. This appeal follows.

## DECISION

Appellant challenges the district court's denial of his motion to suppress, arguing that the officer did not have a reasonable suspicion of criminal activity justifying his stop of appellant's vehicle. When reviewing a pretrial order denying a motion to suppress

3

evidence, this court "review[s] the facts to determine whether, as a matter of law, the court erred when it failed to suppress the evidence." *State v. Flowers*, 734 N.W.2d 239, 247 (Minn. 2007). Our review is de novo if the facts are not in dispute. *Id.* at 248.

Both the United States and Minnesota Constitutions guarantee an individual's right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A police officer's temporary detention of an individual during a traffic stop constitutes a seizure. *State v. Thiel*, 846 N.W.2d 605, 610 (Minn. App. 2014), *review denied* (Minn. Aug. 5, 2014). But a police officer may "conduct a limited investigatory stop of a motorist if the state can show that the officer had a particularized and objective basis for suspecting the particular person stopped of criminal activity." *State v. Anderson*, 683 N.W.2d 818, 822-23 (Minn. 2004) (quotation omitted). To justify an investigatory traffic stop, "the police must only show that the stop was not the product of mere whim, caprice or idle curiosity, but was based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 823 (quotations omitted).

A driver's evasive driving behavior may give a police officer "a particular and objective basis" for suspecting an individual of criminal activity. *State v. Johnson*, 444 N.W.2d 824, 827 (Minn. 1989) (quotation omitted). In *Johnson*, a state trooper made eye contact with the defendant as he drove alone down the highway in his pickup, and the defendant immediately turned right and "appeared to immediately disappear." *Id.* at 825. As the trooper pulled over to help a vehicle that was parked on the side of the highway, he observed the pickup pull back onto the highway less than a minute later. *Id.* at 825,

4

827.  The trooper motioned to the defendant to stop because he believed that the defendant had turned off the highway for the purpose of avoiding him.  *Id.* at 825.  The defendant complied and told the trooper that his license had been revoked.  *Id.*  The trooper arrested him for driving after revocation.  *Id.*  Before trial, the defendant moved to dismiss; the district court denied the motion.  *Id.* at 824-25.  This court reversed.  *Id.* at 825.

The supreme court reversed this court, noting that an officer does not have a particular and objective basis for suspecting a driver of criminal activity if the "driver merely appears startled at the sight of a police officer passing him and then slows down a bit and if a reasonable police officer would not infer any wrongdoing from the driver's response."  *Id.* at 827.  But the supreme court stated that an officer may stop a driver "if the driver's conduct is such that the officer reasonably infers that the driver is deliberately trying to evade the officer and if, as a result, a reasonable police officer would suspect the driver of criminal activity."  *Id.*  Because the supreme court concluded "that the trooper reasonably inferred that [the] defendant was deliberately trying to evade him and that, as a result, the trooper reasonably suspected [the defendant] of wrongdoing," it reversed this court's decision.  *Id.*

Here, the officer testified that he observed appellant commit several traffic violations before he initiated the traffic stop, including two quick right turns without signaling at least 100 feet before each turn and stopping in the middle of the road.  The officer testified that he also believed that appellant was trying to evade him because of appellant's conduct of turning onto a road, stopping on the road, and then reversing back

onto the road on which he had previously been traveling. Based on the totality of the circumstances, the officer could reasonably infer that appellant was trying to evade him. That behavior, along with the traffic violations that the officer observed, gave him a particularized and objective basis for suspecting appellant of criminal activity that justified the stop. *See Anderson*, 683 N.W.2d at 822-23.

Appellant argues that the officer's action of following closely behind him provoked his driving conduct and that it is common for an individual to drive unusually in response to a police car driving behind him. We disagree. Appellant did not merely appear startled by a passing police officer or slow down at the sight of a police officer. *See Johnson*, 444 N.W.2d at 827. Instead, like the defendant in *Johnson* who made a quick turn when he made eye contact with a state trooper and then turned back on the road less than a minute later, appellant quickly made a right turn in front of the officer. *See id.* at 825, 827. Appellant made another quick right turn while the officer followed behind him and then turned back onto the road he had originally been travelling on after the officer passed him. As the supreme court stated in *Johnson*, while appellant's behavior "may have been consistent with innocent behavior, it also reasonably caused the officer to suspect that [appellant] was deliberately trying to evade him." *See id.* at 827. Accordingly, we conclude that the district court did not err by denying appellant's motion to suppress.

**Affirmed.**