*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0944**

State of Minnesota,
Respondent,

vs.

William Martin Odette,
Appellant.

**Filed March 21, 2016
Affirmed
Hooten, Judge**

Rice County District Court
File No. 66-CR-14-2109

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Fossum, Rice County Attorney, Terence Swihart, Assistant County Attorney, Faribault, Minnesota (for respondent)

David L. Ludescher, Caitlin M. Elliott, Grundhoefer & Ludescher, P.A., Northfield, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Hooten, Judge; and Klaphake, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant challenges his conviction of fifth-degree possession of a controlled substance, arguing that the district court erred by denying his motion to suppress evidence seized as the result of a search of his vehicle. We affirm.

## FACTS

At approximately 1:00 a.m. on August 29, 2014, Officer Anthony Malepsy of the Lonsdale Police Department observed a vehicle traveling faster than the speed limit and initiated a traffic stop. Upon approaching the vehicle, the officer detected the smell of burnt marijuana coming from the open driver's side window of the vehicle. The officer had served on a drug task force and had received training regarding the identification of drugs. After asking the driver, appellant William Martin Odette, some preliminary questions, the officer inquired, "[W]here's the marijuana at?" Odette denied having any marijuana, but produced two marijuana pipes containing what appeared to be burnt marijuana residue. While talking with the officer, Odette "was shaking" and "was very quick on his answers." After calling for backup, the officer asked Odette to get out of the vehicle, informed him that he was being detained for the purpose of searching his vehicle but was not under arrest, and, without handcuffing him, placed him in the back of the squad car.

Officer Malepsy and two other officers searched Odette's vehicle and discovered more marijuana pipes, a marijuana grinder, and three rolled-up one dollar bills containing

a black tarry substance. When Officer Malepsy asked Odette about the substance, he admitted that it was heroin. A field test confirmed that the substance was heroin.

Odette was charged with fifth-degree possession of a controlled substance. Odette moved to suppress the evidence obtained from the search of his vehicle, and the district court denied this motion. After a stipulated facts trial, the district court issued an order finding Odette guilty of fifth-degree controlled substance crime. This appeal followed.

**D E C I S I O N**

Odette argues that the district court erred by denying his motion to suppress the evidence obtained as a result of the search of his vehicle. Odette does not challenge the initial basis of the stop, but argues that the officers unlawfully expanded the scope of the stop.

When reviewing a pretrial order on a motion to suppress, we review the factual findings for clear error and the legal determinations de novo. *State v. Ortega*, 770 N.W.2d 145, 149 (Minn. 2009). Both the United States Constitution and the Minnesota Constitution guarantee individuals the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. "The temporary detention of an individual during a traffic stop is a seizure." *State v. Thiel*, 846 N.W.2d 605, 610 (Minn. App. 2014), *review denied* (Minn. Aug. 5, 2014).

A traffic stop must be justified at its inception. *State v. Askerooth*, 681 N.W.2d 353, 364 (Minn. 2004). "An initially valid stop may become invalid if it becomes 'intolerable' in its 'intensity or scope.'" *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 17–18, 88 S. Ct. 1868, 1878 (1968)). Each incremental intrusion must be closely related to the original legitimate

3

purpose of the stop, independent probable cause, or reasonable suspicion of other criminal activity. *Id.* at 364–65. "Probable cause exists when the totality of the facts and circumstances known would lead a reasonable officer to entertain an honest and strong suspicion that the suspect has committed a crime." *Thiel*, 846 N.W.2d at 610 (quotation omitted). "Reasonable suspicion must be based on specific, articulable facts that allow the officer to be able to articulate at the omnibus hearing that he or she had a particularized and objective basis for suspecting the seized person of criminal activity." *State v. Diede*, 795 N.W.2d 836, 842–43 (Minn. 2011) (quotations omitted).

A warrantless search is presumptively unreasonable unless an exception applies. *State v. Licari*, 659 N.W.2d 243, 250 (Minn. 2003). Under the automobile exception to the warrant requirement, a warrantless search of a vehicle is justified when an officer has probable cause to believe that the vehicle contains contraband. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Under the plain view exception to the warrant requirement, the police may "seize an object they believe to be the fruit or instrumentality of a crime" if certain requirements are met. *State v. Milton*, 821 N.W.2d 789, 799 (Minn. 2012) (quotation omitted).

Odette first argues that the smell of marijuana emanating from his vehicle and the pipes containing marijuana residue did not provide probable cause for a warrantless search of his vehicle under the automobile exception to the warrant requirement. "The discovery of marijuana in a car gives law enforcement probable cause to search for more anywhere in the car where one might reasonably expect to find marijuana." *Thiel*, 846 N.W.2d at 611. Here, the officer smelled burnt marijuana emanating from the vehicle, and Odette

produced two pipes containing marijuana residue. Furthermore, the officer testified that Odette "was shaking" and "was very quick on his answers" when speaking with the officer. Based on the odor of burnt marijuana, the pipes with the marijuana residue, and Odette's nervous behavior, the district court correctly concluded that the officers had probable cause to search Odette's vehicle. Odette contends that the officer's suspicion that the vehicle contained marijuana was dispelled after Odette produced the pipes and denied that there was any more marijuana in the vehicle. But, while Odette denied that there was any other marijuana in the vehicle, the officer was not required to believe him. *Id.* ("[T]he trooper was not obligated to believe appellant's assertion that there was no more marijuana in the vehicle.").

Odette next argues that even if probable cause existed to search his vehicle for marijuana, there was no justification for a search for other drugs. Odette provides no legal authority for this argument and does not explain how a search for marijuana would differ from a search for other drugs. *See State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) ("An assignment of error in a brief based on mere assertion and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection." (quotation omitted)), *aff'd*, 728 N.W.2d 243 (Minn. 2007). Indeed, even if the officers only had probable cause to search for marijuana, searching for other drugs did not result in "any greater intrusion than [was] already necessitated" by the search for marijuana. *See State v. Kochendorfer*, 304 N.W.2d 336, 338 (Minn. 1981) (stating that police properly seized guns and other drugs found in lawful search for marijuana when warrant only established probable cause to search for marijuana).

Odette next argues that, because of the United States Supreme Court's ruling in *Missouri v. McNeely*, the state had to prove an exigency for proceeding without a warrant. 133 S. Ct. 1552 (2013). But, *McNeely* addressed the exigency exception to the warrant requirement in the context of whether the natural dissipation of alcohol in the bloodstream created a per se exigency that justified a warrantless search of an individual's blood. *Id.* at 1558. Odette's argument fails to recognize that the automobile exception is an independent exception to the warrant requirement that permits police to search a vehicle without a warrant "[w]hen probable cause exists to believe that a vehicle contains contraband," *Flowers*, 734 N.W.2d at 248, which is not limited by the Supreme Court's holding in *McNeely*. Indeed, the Supreme Court in *McNeely* stated that, unlike the exigency exception, the automobile exception falls within "a limited class of traditional exceptions to the warrant requirement that apply categorically and thus do not require an assessment of whether the policy justifications underlying the exception, *which may include exigency-based considerations*, are implicated in a particular case." 133 S. Ct. at 1559 n.3 (emphasis added).

Odette urges this court to adopt a requirement that if an officer smells marijuana, the officer is justified only "in conducting a cursory search for marijuana within the immediate reach of the [d]efendant to determine whether or not marijuana exists within immediate reach such as to justify the smell." Odette's argument is contrary to established caselaw. As discussed above, the officers had probable cause to search Odette's vehicle for marijuana. And, "if probable cause justifies a search of a vehicle for more drugs or other contraband, it justifies a search of *every part* of the vehicle and its contents that may

6

conceal the object of the search." *State v. Bigelow*, 451 N.W.2d 311, 313 (Minn. 1990) (emphasis added). The dollar bills with heroin residue were discovered when the officer flipped open the ashtray. Because the ashtray could have concealed a criminal amount of marijuana, it was reasonable for the officer to flip open the ashtray.

Odette contends that the officers had no reason to unroll the dollar bills because they could not have contained a criminal amount of marijuana. Generally, a person is not guilty of a criminal offense unless he or she possesses more than 42.5 grams of marijuana. Minn. Stat. § 152.01, subd. 16 (2014); Minn. Stat. § 152.02, subd. 2(h) (2014); Minn. Stat. § 152.025, subd. 2(a)(1) (2014); *see also* Minn. Stat. § 152.027, subd. 4(a) (2014) (providing that possession of small amount of marijuana is only petty misdemeanor). However, a person is guilty of a misdemeanor if he or she possesses more than 1.4 grams in a motor vehicle.[1] Minn. Stat. § 152.027, subd. 3 (2014). We conclude that it was reasonable for the officers to suspect that the rolled up dollar bills could contain more than 1.4 grams of marijuana.

Even if we determined that the officers could not have reasonably suspected that a criminal amount of marijuana could be concealed in the rolled up dollar bills, we would conclude that the officers properly seized the heroin because it was in plain view. Under the plain view exception to the warrant requirement, the police can seize an object without a warrant if (1) the officers were lawfully in the position from which they viewed the object; (2) the officers had a lawful right of access to the object; and (3) the incriminating nature

---

[1] We note that 1.4 grams of marijuana is equivalent to approximately .05 ounce.

of the object was "immediately apparent." *State v. Holland*, 865 N.W.2d 666, 671 (Minn. 2015) (quotation omitted). The officers had probable cause to search Odette's vehicle for marijuana, and the dollar bills were lawfully discovered during that search. Odette argues that the officers had no reason to unroll the dollar bills because their incriminating nature was not immediately apparent. But, there is no indication in the record that the bills were unrolled before the officers observed the black tarry substance, and Officer Malepsy, who was trained in drug identification, testified at the omnibus hearing that he believed the substance on the bills was heroin. Therefore, we conclude that it was reasonable for the officers to seize the heroin because it was discovered in plain view.

For the first time in his reply brief, Odette argues that his detention during the search of his vehicle was an incremental intrusion that was not justified. Odette did not raise this issue at the district court. "[Appellate courts] generally will not decide issues which were not raised before the district court, including constitutional questions of criminal procedure." *Roby v. State*, 547 N.W.2d 354, 358 (Minn. 1996). And, issues raised for the first time in an appellant's reply brief, having not been raised in respondent's brief, are not "proper subject matter for appellant's reply brief" and therefore may be deemed "waived" and may be "stricken" by the appellate court. *State v. Yang*, 774 N.W.2d 539, 558 (Minn. 2009); *see* Minn. R. Civ. App. P. 128.02, subd. 4 ("The reply brief must be confined to new matter raised in the brief of the respondent."). Therefore, this argument is not properly before this court.

Because the officers did not unlawfully expand the scope of the stop in searching Odette's vehicle, the district court properly denied Odette's motion to suppress the evidence discovered as a result of the search.

**Affirmed.**