*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0889**

State of Minnesota,
Respondent,

vs.

Aaron James Helgeson,
Appellant.

**Filed January 30, 2017
Affirmed
Reilly, Judge**

Stearns County District Court
File No. 73-CR-15-3414

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Matthew A. Staehling, St. Cloud City Attorney, Mark C. Hansen, Assistant City Attorney, St. Cloud, Minnesota (for respondent)

Todd V. Peterson, Todd V. Peterson, P.A., Sauk Rapids, Minnesota (for appellant)

Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Bjorkman, Judge.

## UNPUBLISHED OPINION

**REILLY**, Judge

Appellant challenges his impaired-driving conviction on the basis that the district court committed reversible error by refusing to suppress evidence discovered during an investigative encounter because (1) the investigating officer's conduct constituted seizure;

and (2) the investigating officer lacked a reasonable, articulable suspicion of criminal activity. Because the district court did not err in denying the motion to suppress, we affirm.

**FACTS**

On March 8, 2015, at approximately 3:00 a.m., a Stearns County Deputy Sheriff observed a vehicle with two occupants idling in a St. Cloud apartment complex's parking lot with its headlights on, parked about five feet off the roadway and positioned at an angle blocking several parking spots. The officer lived near the apartment complex and testified that there was a history of break-ins in the area. The officer ran the license plate and discovered that the vehicle was registered to an address in Sauk Centre. The officer parked his squad vehicle behind the vehicle but did not activate his emergency lights. The officer approached the vehicle with his flashlight activated and identified the driver as appellant, Aaron James Helgeson. The officer noticed a "very strong odor of alcohol coming from the vehicle," and appellant admitted that he had been drinking. An assisting officer arrived at the scene and conducted a preliminary breath test on appellant, which revealed an alcohol concentration of .121. The assisting officer placed appellant under arrest for impaired driving.

The state subsequently charged appellant with impaired driving. Appellant moved to suppress the evidence and dismiss the complaint on the ground that the investigating officer seized him without a reasonable, articulable suspicion of criminal activity. The district court denied the motion. Appellant waived his trial rights and opted for a stipulated-evidence trial pursuant to Minnesota Rule of Criminal Procedure 26.01, subdivision 4. The

district court found appellant guilty of impaired driving and imposed a stayed sentence. This appeal now follows.

## D E C I S I O N

Appellant challenges the district court's denial of his suppression motion. When reviewing a district court's pretrial order on a motion to suppress evidence, we review the factual findings for clear error and the legal determinations de novo. *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008). A reviewing court determines independently the existence of a constitutional violation. *State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992).

The United States and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. A traffic stop constitutes a seizure implicating this constitutional prohibition. *State v. Thiel*, 846 N.W.2d 605, 610 (Minn. App. 2014), *review denied* (Minn. Aug. 5, 2014). We review an unconstitutional-seizure determination de novo. *Illi v. Comm'r of Pub. Safety*, 873 N.W.2d 149, 151 (Minn. App. 2015).

Appellant argues that the investigating officer's actions constitute a seizure because the officer "boxed [his] car in with a marked squad car." The officer testified that there was room for appellant to back around the officer's squad vehicle. The district court reviewed the investigating officer's testimony, along with squad video from the night of the incident and the assisting officer's report, and determined that appellant was "not seized when the [investigating officer] initially approached him," because the officer parked behind appellant's vehicle "without his emergency lights on and parked . . . so that [appellant] could have backed around [the squad vehicle] in order to leave."

3

We agree with the district court. In Minnesota, a seizure occurs when "a reasonable person in the defendant's shoes would have concluded that he or she was not free to leave," given the totality of the circumstances. *In re Welfare of E.D.J.*, 502 N.W.2d 779, 783 (Minn. 1993). Not every interaction between a police officer and a citizen amounts to a seizure. *State v. Klamar*, 823 N.W.2d 687, 692 (Minn. App. 2012). "Courts generally have held that it does not by itself constitute a seizure for an officer to simply walk up and talk . . . to a driver sitting in an already stopped car." *Id.* (quotation omitted); *see, e.g.*, *Illi*, 873 N.W.2d at 152. Here, the evidentiary record, including the squad video, supports the district court's finding that the investigating officer pulled up behind appellant's already-parked vehicle but did not position his squad vehicle in such a way as to completely block appellant's exit. Further, the officer did not use any physical force or make an express show of authority toward appellant. *Cf. State v. Cripps*, 533 N.W.2d 388, 391 (Minn. 1995) (noting that an officer's use of physical force or show of authority may constitute a seizure); *State v. Lopez*, 698 N.W.2d 18, 22 (Minn. App. 2005) (determining that officer seized driver by partially blocking vehicle, activating emergency lights, pounding on driver's window, and opening driver's door).[1]

---

[1] Appellant relies on two unpublished cases to support his seizure argument. *See State v. Deml*, No. A06-859, 2007 WL 1674060, at *2 (Minn. App. June 12, 2007) (determining that seizure occurred when officer completely blocked driver in and rapped on vehicle's window); *State v. Taylor*, No. CX-03-218, 2003 WL 22533577, at *2 (Minn. App. Nov. 10, 2003) (determining that seizure occurred when officer blocked vehicle in and driver was unable to leave), *review denied* (Minn. Jan. 20, 2004). As a threshold matter, *Deml* and *Taylor* are unpublished decisions and do not bind this court. *See* Minn. Stat. § 480A.08, subd. 3 (2016) ("Unpublished opinions of the Court of Appeals are not precedential."). Further, the facts in this case are distinguishable because the investigating officer did not prevent appellant from leaving.

Because a seizure generally does not occur "when an officer merely walks up to and speaks with a driver sitting in an already-stopped vehicle," *Illi*, 873 N.W.2d at 152, and because the investigating officer did not block appellant's exit or otherwise exert force or authority against him, *Cripps*, 533 N.W.2d at 391, we conclude that the officer's conduct did not constitute a seizure. The district court correctly ruled that appellant was not seized when the officer approached his parked vehicle, and we therefore determine that the district court properly denied the suppression motion.[2]

**Affirmed.**

---

[2] Because we hold that the investigating officer did not seize appellant by parking behind and approaching his vehicle, we need not consider the parties' dispute over whether the officer had a reasonable, articulable basis for these actions. Nevertheless, we agree with the district court that appellant's unusual positioning of his vehicle in a parking lot late at night in an area with a history of break-ins gave the officer a reasonable, articulable suspicion for an investigative stop. *See, e.g.*, *State v. Uber*, 604 N.W.2d 799, 801 (Minn. App. 1999) (noting that "[s]uspicious activity may itself provide the basis to stop a suspect" and that "[s]uspicious activity in an area that has had problems with crime augments the basis for a lawful investigatory stop").